# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 11, 2009

Charles R. Fulbruge III
Clerk

No. 08-60073

HING CHUEN WU, also known as HING CHEUN WU, also known as HUANG CHEUNG WU, also known as HING C WU, also known as HING WU

Petitioner

v.

ERIC H HOLDER, JR., U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals

Before JOLLY, PRADO, and SOUTHWICK, Circuit Judges.

PRADO, Circuit Judge:

The sole question in this petition for review of a Board of Immigration Appeals ("BIA") decision is whether the Immigration Judge ("IJ") abused his discretion by denying Petitioner Hing Chuen Wu's ("Wu") motion for a third continuance pending the adjudication of his wife's I-130 visa petition.[1] Wu relies primarily on *Matter of Garcia*, 16 I. & N. Dec. 653 (BIA 1978), to argue that the IJ erred in denying him a continuance. In *Garcia*, the BIA determined that "discretion should, as a general rule, be favorably exercised where a prima facie

---

[1] At oral argument, we asked the parties to brief whether this case is moot because Wu has been returned to China. Both parties responded that the case is not moot. We agree.

approvable visa petition and adjustment application have been submitted in the course of a deportation hearing or upon a motion to reopen." *Id.* at 657. However, an IJ would not abuse his discretion to deny a continuance "upon his determination that the visa petition is frivolous or that the adjustment application would be denied on statutory grounds or in the exercise of discretion notwithstanding the approval of the petition." *Id.*

Several circuits have ruled that, based on *Garcia*, an IJ abuses his or her discretion by denying a motion to continue solely based on concerns of timing when a nonfrivolous prima facie approvable I-130 petition is pending. For example, in *Hashmi v. Attorney General of the United States*—which entailed virtually the exact same facts as here—the Third Circuit recently ruled that "the IJ abused his discretion when he denied Hashmi's motion for a continuance based solely on concerns about the amount of time required to resolve Hashmi's case." 531 F.3d 256, 260 (3d Cir. 2008); *see also Hassan v. INS*, 110 F.3d 490, 492 (7th Cir. 1997) ("Significantly, an alien is generally entitled to the favorable exercise of an IJ's discretion regarding a request for a continuance where the District Director has not yet adjudicated a prima facie approvable visa petition and adjustment of status application."); *Bull v. INS*, 790 F.2d 869, 872 (11th Cir. 1986) (stating that "the fact that the petition for an immigrant visa had not yet been approved at the time that Bull requested a continuance was not, in and of itself, sufficient reason to deny the continuance"); *cf. Del Rosario v. Mukasey*, 295 F. App'x 180, 181 (9th Cir. 2008) (favorably citing *Garcia* for the proposition that "the BIA shall generally grant a motion to reopen based on a spousal visa petition where a prima facie approvable visa petition and adjustment of status application have been submitted, unless clear ineligibility is apparent in the record"); *Pedreros v. Keisler*, 503 F.3d 162, 165 (2d Cir. 2007) ("It is a matter of long-standing and express BIA policy that, as a general matter, an alien is entitled to a continuance of removal proceedings against him while a 'prima facie

2

approvable' I-130 immigrant visa petition is pending in front of the District Director.").

The Government asserts that the IJ validly denied the motion for continuance in this case because Wu did not submit any evidence that he had a bona fide marriage to a U.S. citizen. Therefore, the Government contends, Wu failed to meet his burden of showing a pending prima facie approvable I-130 application. But the IJ's oral decision does not rest upon any documentary failure regarding Wu's proof of his bona fide marriage. Instead, the IJ ruled that "[a]s of today's date, counsel for [Wu] informed the Court that the application was still pending approval. No concrete evidence was presented to the Court which would indicate that approval of the petition was imminent." The IJ and the BIA did not challenge that Wu was married to a U.S. citizen, nor did either question the merits of the I-130 petition. Thus, it appears that the IJ denied the continuance solely based on concerns regarding the length of time it was taking to process the I-130 petition. Under *Garcia* and the many circuit court cases construing that decision, the IJ abused his discretion in relying upon the delay—which seemingly was not even Wu's fault—as the sole reason for denying the motion for continuance.

Upon remand from the Third Circuit in *Hashmi*, the BIA recognized that an IJ cannot rely solely on timing concerns and provided its first detailed guidance of how an IJ should analyze a motion for continuance when a prima facie approvable I-130 petition is pending. *In re Hashmi*, 24 I. & N. Dec. 785 (BIA 2009). The BIA stated that the IJ should evaluate the following five factors:

> (1) the DHS's position on the motion to continue; (2) whether the underlying visa petition is prima facie approvable[2]; (3) the

---

[2] At oral argument, the parties advised us that Wu's wife's I-130 petition was approved during the pendency of this appeal.

3

respondent's statutory eligibility for adjustment of status; (4) whether the respondent's application for adjustment merits a favorable exercise of discretion; and (5) the reason for the continuance and any other relevant procedural factors.

*Id.* The BIA provided a detailed explanation of each of the five factors and noted that the IJ also may consider other facts as appropriate. *Id.* at 790-94. At its core, "the focus of the inquiry is the apparent ultimate likelihood of success on the adjustment application." *Id.* at 790. Given that the BIA found it prudent to remand the case to the IJ for the initial consideration of these factors in *Hashmi*, *id.* at 794, we take the same approach here. The IJ should have the initial opportunity to implement the new factors that the BIA recently promulgated.

Accordingly, we hold that the IJ abused his discretion by denying Wu's motion for continuance solely based on the length of the delay in obtaining approval of his wife's I-130 application. Following the BIA's recent guidance in *Hashmi*, we remand to the BIA for the BIA to remand to the IJ for a consideration of the *Hashmi* factors.

PETITION GRANTED; VACATED AND REMANDED.