**Nadia FAROOQ, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General of the United States,\* Respondent.**

**No. 08–5617–ag.**

United States Court of Appeals, Second Circuit.

July 27, 2009.

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for the former Attorney General as respondent in this case. The Clerk of the Court is instructed to amend the caption accordingly.

Glenn L. Formica, Formica, P.C., New Haven, CT, for Petitioner.

Carmel A. Morgan, Office of Immigration Litigation, United States Department of Justice, Washington, DC, (Barry J. Pettinato, of counsel), for Tony West, Assistant Attorney General, Civil Division, for Respondent.

PRESENT: GUIDO CALABRESI, PETER W. HALL, Circuit Judges and WILLIAM K. SESSIONS III,** District Judge.

### *SUMMARY ORDER*

Petitioner appeals the Board of Immigration Appeals's denial of her motion to reconsider the BIA's earlier decision affirming the Immigration Judge's denial of a continuance in removal proceedings. We assume the parties' familiarity with the facts of the case, its procedural history, and the scope of the issues on appeal.

We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *Zhao Quan Chen v. Gonzales*, 492 F.3d 153, 154 (2d Cir.2007) (per curiam); *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006) (per curiam); *Kaur v. Bd. of Immigration Appeals*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). Our review is limited to the BIA's denial of the motion to reconsider, and "we are 'precluded from passing on the merits of the underlying [removal] proceedings.'" *Jin*

*Ming Liu*, 439 F.3d at 111 (quoting *Kaur*, 413 F.3d at 233). "A motion for reconsideration 'is a request that the Board reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked.'" *Id.* at 111 (quoting *In re Cerna*, 20 I. & N. Dec. 399, 403 n. 2 (BIA 1991)). "The motion shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority." 8 U.S.C. § 1229a(c)(6)(C); *accord* 8 C.F.R. § 1003.2(b)(1); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 173 (2d Cir.2008).

We find that the BIA abused its discretion here because the BIA ignored significant new legal developments concerning IJs' denials of continuances in removal proceedings. Farooq moved for reconsideration before the BIA on July 8, 2008. One day earlier, on July 7, 2008, the Third Circuit had issued its decision in *Hashmi v. Att'y Gen.*, 531 F.3d 256 (3d Cir.2008), which found that an IJ abused his discretion by basing the denial of a continuance on case-completion goals, especially where the delay in the adjudication of the pending I–130 petition filed by the petitioner in that case was entirely attributable to the government. At or around this time, therefore, the BIA presumably began work on its landmark decision on remand, *In re Hashmi*, 24 I. & N. Dec. 785 (BIA 2009), which was ultimately decided on April 22, 2009, and which set forth a nonexclusive five-factor test for IJs to use in determining whether to grant continuances while an I–130 petition is pending. Also bearing on the issue of continuances, on September 24, 2008, in *Rajah v. Mukasey*, 544 F.3d 449 (2d Cir.2008), this Circuit similarly asked the BIA for clarification of when IJs should grant continuances while

---

** The Honorable William K. Sessions III, Chief Judge of the United States District Court for the District of Vermont, sitting by designation.

a labor certification is pending. A month later, on October 27, 2008, the BIA denied Farooq's motion to reconsider. While the BIA's *Hashmi* decision had not yet come down, treating Farooq's motion as though none of these legal developments had occurred seems dubious at best.

In addition, given the BIA's decision in *Hashmi* there is a serious question as to whether the IJ's denial of a continuance was erroneous. At least one other circuit has begun to remand BIA affirmances of pre-*Hashmi* continuance denials for reconsideration under *Hashmi*. *See Hing Chuen Wu v. Holder*, 571 F.3d 467, 470 (5th Cir.2009) ("The IJ should have the initial opportunity to implement the new factors that the BIA recently promulgated."). That seems appropriate in this case.[1]

This case presents an interesting twist on *Hashmi*. *Hashmi* gives an "illustrative, not exhaustive," list of five factors which IJs should consider "[i]n determining whether to continue proceedings to afford the respondent an opportunity to apply for adjustment of status premised on a pending visa petition." *Hashmi*, 24 I. & N. Dec. at 790. In this case, the continuance request was based on Farooq's husband's I–130 petition filed on Farooq's behalf. At the time the I–130 petition was filed, Farooq's husband was a lawful permanent resident of the United States, so Farooq, as an alien described in 8 U.S.C. § 1153(a)(2)(A), would have to wait for a visa to become available because of the numerical limitations in 8 U.S.C. § 1153(a)(2). But Farooq's husband also had a naturalization application pending. If Farooq's husband were to become a United States citizen, then Farooq would become an alien not subject to numerical visa limitations. *See* 8 U.S.C.

§ 1151(b)(2)(A)(i). In that case, a visa would be "immediately available" to her, and she could apply for adjustment of status. *See* 8 U.S.C. § 1255(a).

Farooq's position in asking for a continuance, moreover, was not just that the delay in adjudicating the I–130 petition and her husband's naturalization application had been great and that an answer was expected soon. Rather, her position was that the reason for the delay was that her husband was a Muslim and that citizenship applications of Muslims were delayed longer than those of non-Muslims. Before the BIA and before us, she asserted that this delay violated equal protection, but her arguments also could be read as suggesting that even if the delay was not unconstitutional, greater delay for this group could be a reason for a continuance even if a continuance might not otherwise be appropriate.

The argument has some force. We will assume that, since the terrorist attacks of September 11, 2001, greater examination of some groups of citizenship applicants does not violate equal protection. But if the Government takes longer to process certain groups of citizenship applicants because of the need to protect national security, it would seem reasonable for IJs to take this fact into account along with the other *Hashmi* factors when considering whether to grant continuances. We need not and do not decide that today. Nor do we reach any conclusion about the merits of the denial of a continuance. We remand for the BIA to reconsider whether, in the light of *Hashmi*, and given the particular circumstances of this case, the matter should be remanded to the IJ to evaluate the appropriate factors.

---

1. And this is quite apart from whether the BIA should have reopened this case, and others like it, *sua sponte* in light of *Hashmi*.

For these reasons, the petition for review is **GRANTED,** the order of removal is **VACATED,** and the case is **REMANDED** for further consideration.