SUMMARY ORDER

Petitioner appeals the Board of Immigration Appeals’s affirmance of the Immigration Judge’s denial of his motion for a continuance. We assume the parties’ familiarity with the facts of the case, its procedural history, and the scope of the issues on appeal.
The BIA’s opinion states that it refused to overturn the IJ’s decision not to grant Petitioner a continuance “[ajlthough a petition filed on behalf of the respondent was pending” because Petitioner “was not denied a full and fair hearing.” [A.R. 2] Most recently, the BIA articulated nonexclusive factors that should be considered in determining motions for continuance of ongoing removal proceedings. In re Hashmi, 24 I. & N. Dec. 785 (2009). Remand of this case to the BIA for further consideration in light of Hashmi is, therefore, appropriate. Cf. Wu v. Holder, 571 F.3d 467 (5th Cir.2009) (remanding a pre-Hashmi IJ continuance denial for consideration of the Hashmi factors).
We note, in passing, two other matters. First, the BIA appears to have described as “pending” the 1-130 petition of which Petitioner was the beneficiary, but the record and the IJ’s decision indicate that the 1-130 petition had been approved. Second, the IJ stated, as an alternative ground for his decision, that the above mentioned 1-130 petition had been automatically revoked. The BIA did not address this ground. We leave it to the BIA to decide what effect, if any, these facts have on the application of the Hashmi factors to this case. Alternatively, the BIA may prefer to remand this case to the IJ so that the IJ can apply Hashmi in the first instance.
In light of our conclusions above, we need not address Petitioner’s claim that the BIA’s decision denied him due process. The petition for review is GRANTED, and the case is REMANDED for further consideration.