**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 30, 2009

Charles R. Fulbruge III
Clerk

No. 09-60146
Summary Calendar

MOHAMMAD A. KASHEM,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A097-676-497

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Mohammad Kashem has filed a petition for review of a Board of Immigration Appeals ("BIA") decision affirming the denial of Kashem's request for a continuance. He alleges that the Immigration Judge ("IJ"), sustained by the BIA, committed an abuse of discretion by refusing to continue Kashem's removal proceedings until a pending I-130 visa petition could be adjudicated. We find no error. Accordingly, the petition for review is DENIED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## BACKGROUND

### A.    *Initial Proceedings*

Mohammad Kashem, a native of Bangladesh, was admitted to the United States in August 2001 as a non-immigrant student to attend Bellevue University in Nebraska. He was authorized to remain in the United States for the duration of his student status. However, after earning his degree in June 2004, Kashem remained in the country without authorization.

On October 6, 2005, the Department of Homeland Security issued an arrest warrant and a Notice to Appear, which charged Kashem with removability as an alien present in violation of the law and with failing to comply with the conditions of the non-immigrant status under which he had been admitted. Kashem was taken into custody the same day and released on bond on October 14, 2005.

During a hearing before the IJ on October 20, 2005, Kashem admitted the factual allegations in the Notice to Appear and conceded removability. However, Kashem requested adjustment of status based on his July 24, 2004 marriage to Shashonde Gunnels, a United States citizen. Although they had been married for nearly fifteen months at the time of the hearing, Gunnels did not file an I-130[1] visa petition on Kashem's behalf until the day before the hearing, October 19, 2005. The IJ *sua sponte* continued the hearing for one month to permit Kashem to submit evidence demonstrating that his marriage was bona fide.

---

[1]    An I-130 visa petition, also known as a Petition for Alien Relative, is filed by a United States citizen or permanent resident on behalf of an alien relative. The petition is only approved after verifying that the claimed familial relationship is bona fide. *See* 8 C.F.R. 204.2(a).

When the hearing resumed on November 29, 2005, Kashem presented the following evidence in support of his claim that his marriage to Gunnels was bona fide: a copy of the I-130 visa petition and receipt notice; a copy of their marriage license and 2004 tax returns filed as a married couple; a lease agreement; bank and electricity statements; and family photos, including photos from their wedding. In addition, Kashem, Gunnels, and several members of Gunnels's family testified on Kashem's behalf. Two Immigration and Customs Enforcement ("ICE") officers who had been assigned to investigate Kashem's immigration status testified for the government.

At the conclusion of the hearing, the IJ issued an oral decision finding Kashem removable on the charges in the Notice to Appear. In addition, Kashem's motion for a continuance to await adjudication of the pending I-130 visa petition was denied. In denying a continuance, the IJ relied on *Matter of Velarde*, 23 I. & N. Dec. 253 (BIA 2002) and found that Kashem failed to establish that his marriage was bona fide by clear and convincing evidence. Finally, the IJ denied Kashem's request for voluntary departure, and ordered him removed to Bangladesh.

On April 13, 2007, the BIA held that the IJ erroneously relied on *Matter of Velarde* when determining whether to grant Kashem's continuance request. The BIA explained that since Kashem entered into marriage prior to the removal proceedings, he was exempt from complying with the requirements outlined in *Matter of Velarde*, including the requirement that he establish that his marriage was bona fide by clear and convincing evidence. Accordingly, this matter was remanded to the IJ to determine whether Kashem's I-130 visa permit was prima facie approvable.

B.    *Proceedings After Remand to Immigration Judge*

On remand to the IJ, Kashem was ordered to submit evidence demonstrating the bona fides of his marriage prior to a September 21, 2007 hearing. Accordingly, Kashem submitted documentary evidence similar to that which he provided prior to the November 2005 hearing.

At the start of the September 21, 2007 hearing, Kashem's new attorney made her first appearance. She advised the court that she did not plan to call any witnesses and indicated that she did not object to the documentary evidence submitted to the court by Kashem's previous attorney. The government then submitted a Notice of Intent to Deny Visa Petition ("NOID") issued three days earlier by the Director of the Dallas Field Office, United States Citizenship and Immigration Services ("USCIS"). Kashem's attorney said she had no objection to admitting the NOID into evidence.

The NOID was a three-page letter that first summarized the procedure that had been followed, including that Kashem and Gunnels were interviewed. The letter listed what the USCIS considered to be significant discrepancies between the answers Kashem and Gunnels gave about their shared lives. The differences convinced the USCIS that it was unlikely the couple was actually living together as each asserted. Included on the list were these matters:

> (1) Gunnels stated that her younger son sees his biological father almost daily. Kashem claimed the biological father does not see the younger son at all.
>
> (2) Gunnels stated that her older son has an on-going relationship with his biological father and visited him for a month in Arizona during 2006. Kashem claimed the biological father has no relationship with the older son.
>
> (3) Gunnels stated that they do not use birth control because she had received a birth control shot. Kashem claimed the couple used condoms.

(4) Gunnels did not know Kashem was Muslim, where he attended college, what field he earned his Bachelor's and Master's degrees in, the names or ethnic background of Kashem's parents, or the name of the country where his parents reside.

After highlighting these and other discrepancies, the letter informed Gunnels that the USCIS concluded that "you and your spouse entered into this marriage by fraud with the sole intention of evading immigration laws to obtain an immigration benefit." The USCIS said it intended to deny the I-130 visa petition, but that a final decision would not be made for thirty days. The delay was to allow Gunnels an opportunity to submit any evidence she believed would rebut the reasons for denial stated in the letter.

Kashem alleges that prior to the hearing, neither he nor Gunnels had been provided with a copy of the NOID. They were unaware that one had even been issued. Although both were present at the hearing, neither Kashem nor Gunnels provided any testimony to rebut the allegations in the NOID.

At the conclusion of the hearing, the IJ issued an oral decision in which he found that Kashem "has failed to meet his burden of proof that his visa petition is prima facie approvable." The IJ further explained:

> in light of the notice of intent to deny the visa Petition . . . and the information obtained herein which has not been rebutted or refuted by the respondent or the petitioner today, the Court finds that no good cause has been established to continue this matter and therefore, the continuance is denied.

After denying Kashem's request for a continuance to await the final adjudication of the I-130 visa petition, the IJ ordered Kashem removed from the United States to Bangladesh.

On February 5, 2009, the BIA dismissed Kashem's appeal. The BIA found Kashem's evidence in support of the prima facie approvability of the visa petition

5

to be countered by the NOID. The allegations in the NOID "directly affected the evidentiary weight of [Kashem's] documents." The BIA also stated that even though Kashem's failure to testify did not preclude him from establishing that his marriage was bona fide, his failure to dispute the allegations in the NOID was "highly significant." Finally, the BIA concluded that Kashem "has not shown that his marriage is bona fide and that his wife's visa petition is prima facie approvable." All of this meant that the IJ did not need to grant a continuance because there was no good cause shown.

## DISCUSSION

The only issue in this petition for review is whether the BIA improperly failed to overturn the refusal of the IJ to grant a continuance in order to await a resolution of the I-130. Two different arguments are made. One is that it was error to rely on the NOID as evidence. The other argument is that good cause for the continuance was shown.

We review a decision to deny a continuance of a removal proceeding for abuse of discretion. *Masih v. Mukasey*, 536 F.3d 370, 373 (5th Cir. 2008). Although we only have authority to review the BIA's decision, "we may consider the IJ's decision to the extent that it influenced the BIA." *Id.*

An alien properly admitted into the United States who later becomes subject to removal based on a failure to maintain his nonimmigrant status may be eligible for an adjustment of status. *Bolvito v. Mukasey*, 527 F.3d 428, 431 (5th Cir. 2008). The only eligibility criterion challenged here is that an immigrant visa must be immediately available when the application for adjustment of status is filed. 8 C.F.R. § 245 (a)(3). When a previously admitted alien seeks adjustment of status based on marriage to a United States citizen, an approved I-130 visa petition satisfies the requirement that a visa be

immediately available. *INS v. Miranda*, 459 U.S. 14, 15 (1982). Once an I-130 visa petition is approved, the alien can apply for status adjustment pursuant to 8 U.S.C. § 1255(a). *In re Hashmi*, 24 I. & N. Dec. 785, 789 (BIA 2009).

Although an IJ has discretion in deciding whether there is good cause for a continuance of a removal proceeding, a continuance generally should be ordered if it is shown that a "prima facie approvable" I-130 immigration visa petition has been properly presented to the USCIS but no order has been entered. *Hing Chuen Wu v. Holder*, 571 F.3d 467, 469 (5th Cir. 2009). The alien bears the burden of demonstrating prima facie approvability. *Id.*

Kashem claims that the pending I-130 visa petition remained prima facie approvable at the time of the September 21, 2009 hearing, because no final denial had been issued. Under that premise, Kashem contends that he demonstrated good cause for the continuance, and that the IJ abused his discretion by denying this request.

When assessing whether a continuance should be granted to await the final adjudication of a pending visa petition, "the focus of the inquiry is the apparent ultimate likelihood of success on the adjustment application," and "it is useful for the Immigration Judge to evaluate the viability of the underlying I-130." *In re Hashmi*, 24 I. & N. Dec. at 790-91. Here, the record shows that the IJ did focus on the viability of the I-130. An I-130 visa petition cannot be approved if the marriage supporting the petition was entered for the purpose of evading the immigration laws. 8 U.S.C. § 1154(c); 8 C.F.R. § 204.2(a)(1)(i)(C)(ii). Thus, the USCIS's conclusion that Kashem entered into the marriage "by fraud with the sole intention of evading immigration laws to obtain an immigration benefit" is evidence that the I-130 visa petition was not likely to be approved.

Though a NOID is not the equivalent of a final denial from USCIS, the evidence it provides to the IJ is relevant in deciding whether a I-130 visa petition is prima facie approvable. The NOID was properly admitted into evidence without objection. The IJ weighed this evidence against the documentary evidence submitted by Kashem. Kashem did not attempt to rebut the allegations in the NOID. Viewing this evidence as a whole, we find that substantial evidence supported the IJ's finding that the pending I-130 visa petition was not prima facie approvable.

Kashem was the party seeking a continuance and therefore had the burden of demonstrating good cause. *Ramchandani v. Gonzales*, 434 F.3d 337, 338 (5th Cir. 2005). The IJ was entitled to find that the I-130 visa petition was not prima facie approvable. Accordingly, the IJ did not abuse his discretion by finding no good cause for a continuance.

Finally, Kashem claims that he was unfairly required to respond to the allegations in the NOID during the September 21, 2007 hearing, despite the fact that he only became aware of the NOID's existence when the government admitted it into evidence. This seems to be a claim that the IJ violated his due process rights. Kashem's attorney made no objection when the NOID was admitted. He did not, for example, request a continuance for the purpose of responding to the allegations contained in the NOID.[2] Not having objected at the time to the process being followed, Kashem cannot now claim that his due process rights were violated. *See Bolvito*, 527 F.3d at 438.

The petition for review is DENIED.

---

[2] This request for a continuance would have been different from Kashem's request for a continuance to await final adjudication of the I-130 visa petition.