Kayode Rufus FAJEMISIN, Petitioner

v.

Eric H. HOLDER, Jr., U.S. Attorney
General, Respondent.

No. 09–60655
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 19, 2010.

See also, 2009 WL 5443959.

Mark Edward Jacobs, Dallas, TX, for
Petitioner.

Kerry Ann Monaco, Trial Attorney, Tan-
gerlia Cox, U.S. Department of Justice
Office of Immigration Litigation, Washing-
ton, DC, for Respondent.

Before KING, GARZA, and STEWART,
Circuit Judges.

PER CURIAM: *

█ Kayode Rufus Fajemisin, a native
and citizen of Nigeria, filed a petition for
review of the Board of Immigration Ap-
peals' ("BIA") July 31, 2009 decision dis-
missing his appeal of the immigration
judge's ("IJ") denial of his request for a
continuance. As the respondent argues,
Fajemisin did not file a separate petition
for review of the BIA's denial of his motion
to reconsider. *See Guevara v. Gonzales,*
450 F.3d 173, 176 (5th Cir.2006); *Stone v.
INS,* 514 U.S. 386, 394–95, 115 S.Ct. 1537,
131 L.Ed.2d 465 (1995). Accordingly, this
court lacks jurisdiction to review the BIA's
denial of that motion.

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Fajemisin challenges the IJ's denial of a continuance, arguing that he appeared before the IJ in good faith requesting a continuance to seek adjustment of status, which would be available to him following the adjudication of his spouse's second I-130 immigrant visa petition. He contends that because his spouse was not precluded from filing a second I-130 petition, his spouse should have been afforded a reasonable opportunity to have the petition adjudicated. Fajemisin argues that, in light of the factors identified by the BIA in *In re Hashmi*, 24 I. & N. Dec. 785, 790–91 (BIA 2009), the IJ's denial of a continuance cannot be supported.

The grant of a motion to continue lies within the sound discretion of the IJ, who may grant the motion for good cause shown. *Witter v. INS*, 113 F.3d 549, 555 (5th Cir.1997). We review for an abuse of discretion. *See id.* "Neither the BIA nor the IJ abuses its discretion 'so long as [the decision] is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that is it arbitrary rather than the result of any perceptible rational approach.'" *Galvez–Vergara v. Gonzales*, 484 F.3d 798, 801 (5th Cir.2007) (citing *Osuchukwu v. INS*, 744 F.2d 1136, 1142 (5th Cir.1984)).

■ When assessing whether a continuance should be granted to await the final adjudication of a pending visa petition, "the focus of the inquiry is the apparent ultimate likelihood of success on the adjustment application," and "it is useful for the Immigration Judge to evaluate the viability of the underlying I-130." *Hashmi*, 24 I. & N. Dec. at 790–91; *see Hing Chuen Wu v. Holder*, 571 F.3d 467, 469–70 (5th Cir.2009) (noting that in *Hashmi*, the BIA "recognized that an IJ cannot rely solely on timing concerns and provided its first detailed guidance of how an IJ should analyze a motion for continuance when a

prima facie approvable I-130 petition is pending"). As the BIA observed in *Hashmi*, "[if] other visa petitions filed on the respondent's behalf have been denied, those petitions and the USCIS's determinations could also be presented and considered. These prior filings or other evidence of potential fraud or dilatory tactics may impact the viability of the visa petition underlying the motion." *Hashmi*, 24 I. & N. Dec. at 792. The IJ's oral decision reveals that the denial of a continuance was based on the IJ's assessment of the viability of the then-pending I-130 petition, which was considered in light of the Government's denial of the earlier-filed I-130 petition. The Government's denial of the first I-130 petition on grounds of marriage fraud was, therefore, evidence that the pending I-130 petition was not likely to be approved. *See id.*

Fajemisin has shown no abuse of discretion in the BIA's dismissal of his appeal of the IJ's denial of a continuance. *See Witter*, 113 F.3d at 555. The petition for review is DENIED.