# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 31, 2013

No. 12-60186
Summary Calendar

Lyle W. Cayce
Clerk

BRIJESH BHADWAL,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A099 293 379

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Brijesh Bhadwal, a native and citizen of India, filed a petition for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the immigration judge's (IJ) denial of his request for a continuance.

Bhadwal challenges the IJ's denial of a continuance, arguing that he had demonstrated good cause for a continuance to seek adjustment of status following the adjudication of his second wife's I-130 immigrant visa petition on his behalf. Bhadwal contends that the IJ erroneously concluded that the current

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

petition could not be granted based on the determination made on the adjudication of his first wife's I-130 immigrant visa petition that the first marriage was entered into so that Bhadwal could obtain immigration benefits.

The grant of a motion to continue lies within the sound discretion of the IJ, who may grant the motion for good cause shown. *Witter v. INS*, 113 F.3d 549, 555 (5th Cir.1997). We review for an abuse of discretion. *See id.* There is no abuse of discretion where the IJ's or the BIA's decision is not "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach." *Galvez-Vergara v. Gonzales*, 484 F.3d 798, 801 (5th Cir. 2007) (internal quotations and citation omitted).

When assessing whether a continuance should be granted to await the final adjudication of a pending visa petition, "the focus of the inquiry is the apparent ultimate likelihood of success on the adjustment application." *Wu v. Holder*, 571 F.3d 467, 470 (5th Cir.2009) (internal quotation marks and citation omitted). Further, "[i]f other visa petitions filed on the respondent's behalf have been denied, those petitions and the USCIS's determinations could also be presented and considered. These prior filings or other evidence of potential fraud or dilatory tactics may impact the viability of the visa petition underlying the motion." *Matter of Hashmi*, 24 I. & N. Dec. 785, 792 (BIA 2009).

The BIA concluded that the prior marriage fraud determination did not conclusively establish that Bhadwal's second wife's petition on his behalf would be denied but that it significantly hindered the likelihood of the petition's success. The Government's denial of the first I-130 petition on grounds of marriage fraud was, therefore, evidence that the pending I-130 petition was not likely to be approved. *See Hashmi*, 24 I. & N. Dec. at 792.

Bhadwal has shown no abuse of discretion in the BIA's dismissal of his appeal of the IJ's denial of a continuance. *See Witter*, 113 F.3d at 555. The petition for review is DENIED.