# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 10, 2021

Lyle W. Cayce
Clerk

No. 19-60774
Summary Calendar

Hamzeh Hani Marei Sharan,

*Petitioner*,

*versus*

Robert M. Wilkinson, *Acting U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A060 834 204

---

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:*

Hamzeh Hani Marei Sharan, a native and citizen of Jordan, seeks review of the denial of his application for a waiver of inadmissibility under 8 U.S.C. § 1182(h). We DENY his petition.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-60774

I

Sharan entered the United States as a lawful permanent resident in November 2009. He attended school in Jordan from December 2009 to March 2013, but he traveled to the United States during school breaks. In March 2013, he returned to the United States full-time and enrolled in school in Houston, Texas. On December 26, 2016, Sharan was arrested in Fort Bend County, Texas for misdemeanor possession of marijuana. He was convicted of that offense on September 12, 2017.

On November 30, 2018, the Department of Homeland Security served Sharan with a Notice to Appear for removal proceedings, alleging that the drug conviction rendered him inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(II). The Immigration Judge found Sharan to be inadmissible as charged. Sharan then applied for a waiver of inadmissibility.[1] The IJ denied the application on the ground that Sharan failed to establish 7 years of continuous residence in the United States, as required to be eligible for the waiver. The Board of Immigration Appeals affirmed. Sharan timely petitioned for our review.

II

Sharan argues that: (1) the BIA applied the wrong standard to determine when he stopped accruing continuous residence in the United States; (2) the BIA erred by concluding that he had not resided continuously in the United States for 7 years; (3) the BIA abused its discretion by refusing to continue the removal proceedings; (4) the IJ erred by requiring evidence that was unavailable; and (5) the IJ violated his due process rights by

---

[1] Sharan also applied for, and was denied, cancellation of removal under 8 U.S.C. § 1229b. He does not challenge that denial in his petition. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (issues not raised in the petition for review are abandoned).

2

preventing his father from testifying, interrupting his own testimony, and making biased remarks during the hearing.

While we lack jurisdiction to review the BIA's discretionary decision to waive inadmissibility, we retain jurisdiction over constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(B)(i), (a)(2)(D). Here, the BIA concluded only that Sharan was ineligible for relief and never reached the discretionary determination. Eligibility to seek a waiver is a legal question. *Martinez v. Mukasey*, 519 F.3d 532, 541 (5th Cir. 2008); *see also Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1067 (2020) (holding that the application of a legal standard to established facts is a question of law reviewable under § 1252(a)(2)(D)). And, of course, Sharan's due process claims present a constitutional question. Further, § 1252(a)(2)(B)(i) does not bar us from reviewing the BIA's decision to deny a motion for a continuance. *Ahmed v. Gonzales*, 447 F.3d 433, 437 (5th Cir. 2006); *but see Ogunfuye v. Holder*, 610 F.3d 303, 307 (5th Cir. 2010) (holding that § 1252(a)(2)(C) bars review of the decision to deny a continuance). We therefore have jurisdiction to review all of the issues raised in Sharan's petition to the extent they were properly exhausted before the BIA. 8 U.S.C. § 1252(d)(1); *Omari v. Holder*, 562 F.3d 314, 318–19 (5th Cir. 2009) (discussing jurisdictional nature of exhaustion).

We review Sharan's legal and constitutional claims de novo. *Sattani v. Holder*, 749 F.3d 368, 370 (5th Cir. 2014). We review the decision to deny a continuance for abuse of discretion. *Masih v. Mukasey*, 536 F.3d 370, 373 (5th Cir. 2008). "To the extent the BIA's decision is affected by the IJ's ruling, we review both decisions." *Sattani*, 749 F.3d at 370.

## A

The BIA determined that Sharan's continuous residence ended on November 30, 2018, the date he was served with the Notice to Appear for removal proceedings. Citing *Pereira v. Sessions*, 138 S. Ct. 2105 (2018),

No. 19-60774

Sharan contends that because his Notice to Appear did not designate a time and place for his initial hearing, removal proceedings were never initiated for purposes of 8 U.S.C. § 1182(h). Therefore, he argues, he accrued continuous residence until he was removed from the United States on October 22, 2019. But under our precedent, a subsequent notice of hearing setting forth the hearing's time and place cures any defects in the original notice to appear. *Yanez-Pena v. Barr*, 952 F.3d 239, 241, 246 (5th Cir. 2020). At most, then, Sharan accrued continuous residence until December 10, 2018, when he received a Notice of Hearing with the time and place.

To be sure, it's not clear that *Pereira* controls here. *Pereira* concerned the accrual of continuous residence for purposes of cancellation of removal, which is governed by a different statute than waiver of inadmissibility. The cancellation of removal statute specifically provides that the period of continuous residence ends "when the alien is served a notice to appear," 8 U.S.C. § 1229b(d)(1)(A), while the waiver of inadmissibility statute speaks of "the date of initiation of proceedings," 8 U.S.C. § 1182(h). We need not decide whether *Pereira* applies to a waiver of inadmissibility because, as discussed below, Sharan cannot establish 7 years of continuous residence, even if he accrued time until receiving the Notice of Hearing.

B

The IJ found that Sharan failed to present evidence that he was a resident of the United States at any point before enrolling in school in Houston. From his enrollment on March 1, 2013, until his receipt of the Notice of Hearing on December 10, 2018, Sharan accrued only 5 years, 9 months, and 9 days of continuous residence—over a year short of the required 7 years to be eligible for a waiver. To succeed, Sharan needs to show that some of the time he spent traveling between Jordan and the United States for school from 2009 to 2013 counts toward his continuous residence.

4

No. 19-60774

Sharan argues that the IJ failed to recognize that his travel to Jordan was temporary and did not break his period of continuous residence in the United States. He thus contends that the IJ should have analyzed the nature and length of his departures from the United States to determine whether he was accruing continuous residence from November 2009 to March 2013. As the BIA recognized, this argument rests on a faulty understanding of the IJ's findings. The IJ found that Sharan "did not provide evidence or cite any addresses at which he resided prior to March 2013." The IJ never considered whether Sharan was temporarily attending school in Jordan because that question presupposed that Sharan established residence in the United States in the first place. Sharan does direct us to any evidence in the record to refute or undermine the IJ's findings that he failed to present an address in the United States for the period from November 2009 to March 2013.

C

Sharan challenges the BIA's denial of his request for a continuance. Removal proceedings may be continued for good cause. *Masih*, 536 F.3d at 373. The key inquiry is the applicant's ultimate likelihood of success. *See Wu v. Holder*, 571 F.3d 467, 470 (5th Cir. 2009); *Matter of L-A-B-R-*, 27 I. & N. Dec. 405, 411–13 (A.G. 2018). Here, Sharan requested a continuance on the ground that he was still accruing continuous residence under *Pereira* and would reach the required 7 years in March 2020, less than 8 months after his brief was due. Assuming *Pereira* applies, Sharan stopped accruing continuous residence when he was served with the December 10, 2018 Notice of Hearing. *See Yanez-Pena*, 952 F.3d at 246. Because Sharan could not have prevailed on his *Pereira* arguments, the BIA did not abuse its discretion in denying a continuance. *See Wu*, 571 F.3d at 469–70; *Masih*, 536 F.3d at 373.

D

Sharan argues that the IJ erred by requiring him to produce unavailable evidence of his residence in the United States prior to March 2013. Sharan never raised this issue with the BIA. Because he failed to exhaust this argument, we lack jurisdiction to consider it. *See* 8 U.S.C. § 1252(d)(1); *Omari*, 562 F.3d at 318–19.

E

Lastly, Sharan contends that the IJ violated his due process rights by preventing Sharan's father from testifying, repeatedly interrupting Sharan's testimony and his counsel's argument, and making a "highly antagonistic remark." Sharan cites nothing in the record to show that the IJ barred his father from testifying. To the contrary, the IJ expressed his desire to hear from Sharan's father. Moreover, the complained-of interruptions were within the IJ's authority to regulate the hearing and develop the record. *See Calderon-Ontiveros v. INS*, 809 F.2d 1050, 1052 n.1 (5th Cir. 1986). The frequency of the IJ's questions—predominantly interjected to clarify Sharan's testimony—do not establish a due process violation where the IJ did not prevent Sharan's counsel from pursuing any proper line of questioning or presenting relevant evidence. *Id.* at 1052–53; *Wang v. Holder*, 569 F.3d 531, 541 (5th Cir. 2009). Finally, though inappropriate, the IJ's single comment at the end of the hearing disapproving of Sharan's parents' conduct toward Sharan's sister did not evince "such a degree of hostility that fair judgment was impossible." *See Wang*, 569 F.3d at 541. Sharan has not established a due process violation. *See id.* at 540–41.

III

The petition for review is DENIED.