# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 1, 2021

Lyle W. Cayce
Clerk

No. 19-60322
Summary Calendar

Juan Carlos Guity Casildo,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A077-008-511

Before Clement, Higginson, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Juan Carlos Guity Casildo, a native and citizen of Honduras, sought to enter the United States without proper documentation in 2017. Pertinent to this appeal, he requested relief from removal under the Convention Against Torture (CAT). To prevail on his CAT claim, he must show that it

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

is "more likely than not that [he] will be tortured upon return to his homeland." *Garcia v. Holder*, 756 F.3d 885, 891 (5th Cir. 2014); *see* 8 C.F.R. § 1208.16(c)(2). He also must show that the torture will be intentionally "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." § 1208.18(a)(1); *see Iruegas-Valdez v. Yates*, 846 F.3d 806, 812 (5th Cir. 2017). The required state involvement can occur absent state sanction where torturous acts are committed "under color of law," such as when a corrupt police officer abuses power while clothed with the state's authority. *Iruegas-Valdez*, 846 F.3d at 812-13 (citing *Garcia*).

The immigration judge (IJ) did "not dispute that corrupt police may try to kill [Guity Casildo] or his family because he tried to report [threats and extortion] to the authorities." But the IJ then concluded that Guity Casildo had "not established that any harm done to him would be with the consent or acquiescence of the government" where testimony showed "that the government is not turning a blind eye to police corruption." The IJ did not mention the color-of-law theory of state involvement.

The Board of Immigration Appeals (BIA) dismissed Guity Casildo's initial appeal based on its view that the IJ had not found torture to be more likely than not, despite the IJ's "may try to kill" observation. In an appeal from that decision, *Guity Casildo v. Whitaker*, No. 18-60466, we granted a joint motion for a remand to allow the BIA to reconsider whether Guity Casildo showed the requisite likelihood or torture in light of the IJ's "may try to kill" statement, and if so, whether state involvement was established under the color-of-law rule. Nonetheless, without further briefing in an April 2019 order, the BIA simply repeated its finding that the IJ's "may try to kill" statement was a finding that Guity Casildo had failed to establish the requisite likelihood of torture. In December 2019, the BIA reiterated this reasoning when it denied Guity Casildo's motion to reconsider or reopen.

No. 19-60322

Consequently, the BIA has not addressed the question of the applicability of the color-of-law rule regarding state involvement in torture. *See Iruegas-Valdez*, 846 F.3d at 812-13 (citing *Garcia*).

Guity Casildo has filed timely petitions for review of the BIA's April 2019 decision on appeal and its December 2019 denial of reconsideration or reopening. Factual findings, including those pertaining to the denial of CAT relief, are reviewed for substantial evidence, which means that the petitioner has "the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Nonetheless, the BIA's decision must reflect "meaningful consideration of the relevant substantial evidence." *Abdel-Masieh v. INS*, 73 F.3d 579, 585 (5th Cir. 1996). Further, the BIA may "not engage in de novo review of findings of fact," but may only review the IJ's findings, which it does for clear error. 8 C.F.R. § 1003.1(d)(3)(i); *Alvarado de Rodriguez v. Holder*, 585 F.3d 227, 234 (5th Cir. 2009). Also, the BIA may not make actual findings in the first instance. § 1003.1(d)(3)(iv).

Read in context, the IJ's observation "that corrupt police may try to kill" Guity Casildo is ambiguous at best. It could mean that torture by rogue police was likely but ultimately irrelevant due to the lack of state involvement, or it could constitute *no affirmative finding* regarding the likelihood of torture because the IJ did not need to make such a finding, again due to the lack of state involvement. If the statement constituted no finding by the IJ, then the BIA acted *ultra vires* by making its factual finding in the first instance. *See* 8 C.F.R. § 1003.1(d)(3)(iv). If the IJ's statement was a finding of fact on the likelihood of torture, then the BIA engaged in a prohibited de novo review of that finding. *See* § 1003.1(d)(3)(i); *Alvarado de Rodriguez v. Holder*, 585 F.3d 227, 234 (5th Cir. 2009). In either case, the BIA's finding was not supported by "substantial evidence." *See Chen*, 470 F.3d at 1134; *Abdel-Masieh*, 73 F.3d at 585.

No. 19-60322

The parties agree that a remand is the best alternative where the BIA has made an unauthorized or inadequately supported factual finding on the likelihood of torture, thereby leaving unresolved whether the IJ failed to apply the rule-of-law theory of state involvement in torture. Accordingly, we conclude that the prudent course is to remand the case to the BIA. *See Zhu v. Ashcroft*, 382 F.3d 521, 527 (5th Cir. 2004) (holding that this court is "free to vacate and remand when we simply cannot determine based upon a review of the IJ's decision why the applicant was denied relief"); *see also Pena Oseguera v. Barr*, 936 F.3d 249, 251 (5th Cir. 2019) (remanding in the interest of clarity). We further order the BIA to remand the case to the IJ for a clear factual finding on the likelihood of torture and for the IJ's clarification, if necessary, on the question of state involvement in light of the color-of-law rule. *See Wu v. Holder*, 571 F.3d 467, 470 (5th Cir. 2009). In light of this decision, we need not address the BIA's denial of the motion for reconsideration, the ruling challenged by Guity Casildo's second petition for review. *See Siwe v. Holder*, 742 F.3d 603, 613-14 & n.2 (5th Cir. 2014).

PETITION GRANTED; VACATED AND REMANDED WITH INSTRUCTIONS TO REMAND