United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 16, 2007**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

———————

No. 04-60729

———————

EDGARD ARNOLDO GALVEZ-VERGARA,

Petitioner,

versus

ALBERTO R GONZALES, U S ATTORNEY GENERAL,

Respondent.

Petition for Review of a Final Order of Removal Entered by the
Board of Immigration Appeals

Before GARZA, PRADO, and OWEN, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Edgard Arnoldo Galvez-Vergara petitions for review of an order of the Board of Immigration

Appeals ("BIA") denying his motion to reopen his removal proceedings after he was ordered removed

*in absentia*.

I

Galvez was admitted to the United States at Miami, Florida. In 1990, he was convicted in

Provo, Utah of the offense of forcible sexual abuse, in violation of Utah Code § 76-5-404. He

subsequently applied for and was granted an adjustment of status to lawful permanent resident. After the Bureau of Immigration and Customs Enforcement discovered his prior conviction, Galvez was charged with removability. A master calendar hearing was scheduled for September 29, 2003. Notice of the hearing was mailed to and received by Galvez personally. The notice contained a warning that if Galvez did not appear, he could be found removable *in absentia*.

Galvez hired attorney John Lish to represent him. On September 18, 2003, Lish moved for a change of venue from Dallas, Texas, to Provo, Utah, where Galvez resided. Lish also moved to appear telephonically at a master calendar hearing scheduled for September 29, 2003. According to Galvez, Lish assured him that his motion for a change of venue would be granted and that his presence in Dallas would not be required. On September 26, 2003, the immigration judge ("IJ") denied both of Galvez's motions. Neither Lish nor Galvez appeared at the master calendar hearing, and the IJ found Galvez removable *in absentia*.[1]

Galvez promptly obtained new counsel and timely moved to reopen his removal proceedings on the ground that he received ineffective assistance of counsel. Galvez submitted an affidavit and letters to Lish and the Utah State Bar explaining his allegations of ineffective assistance of counsel.[2] Galvez also sought a stay of removal pursuant to 8 U.S.C. § 1229a(b)(5)(C) (providing that the filing of a motion to rescind a removal order issued *in absentia* "shall stay the removal of the alien pending disposition of the motion by the immigration judge"). Two days later, the IJ denied the motion to

---

[1] It is unclear from the record whether Lish was informed that the IJ denied the motions prior to the master calendar hearing.

[2] The Government does not dispute that these submissions conformed with *In re Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1998) (requiring an alien bringing a claim of ineffective assistance of counsel at a removal hearing to present: 1) an affidavit from the alien detailing relationship with counsel; 2) evidence that former counsel had been informed of claim; and 3) evidence as to whether a complaint had been filed with appropriate disciplinary authorities).

stay on the ground that the motion to reopen was not meritorious. The IJ did not deny the motion to reopen, however, until two weeks later, when he issued a written decision, reasoning that Galvez received notice of the hearing and could not demonstrate the "exceptional circumstance" required by 8 U.S.C. § 1229a(b)(5)(C)(i) to rescind an order of removal entered *in absentia*.

The IJ also held that Galvez could not demonstrate ineffective assistance of counsel because it was not reasonable for him to rely on his attorney's assurance that his motion for a change of venue would be granted and that his appearance would not be required. The IJ reasoned that Galvez should have followed the instruction in the notice to appear over the instruction of his attorney.

Galvez filed an administrative appeal with the BIA in which he argued that Lish's erroneous advice constituted an "exceptional circumstance" justifying rescinding the removal order. The BIA affirmed without opinion.

## II

Where, as here, the BIA affirms the IJ without decision, the focus of our review is the underlying decision of the IJ. *Garcia-Melendez v. Ashcroft*, 351 F.3d 657, 660 (5th Cir. 2003). We review the denial of a motion to reopen for an abuse of discretion. *Williams-Igwonobe v. Gonzales*, 437 F.3d 453, 455 (5th Cir. 2006). Neither the BIA nor the IJ abuses its discretion "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach." *Osuchukwu v. INS*, 744 F.2d 1136, 1142 (5th Cir. 1984). "'The BIA acts arbitrarily when it disregards its own precedents and policies without giving a reasonable explanation for doing so.'" *Diaz-Resendez v. INS*, 960 F.2d 493, 497 (5th Cir. 1992) (quoting *Israel v. INS*, 785 F.2d 738, 740 (9th Cir. 1986)).

3

Section 1229a(b)(5)(C) of Title 8 of the United States Code provides that an *in absentia* removal order may be rescinded only:

> (i) upon a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances (as defined in subsection (e)(1) of this section).

The phrase "exceptional circumstances" is defined by statute as follows:

> . . . [E]xceptional circumstances (such as battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances) beyond the control of the alien.

8 U.S.C. § 1229a(e)(1). This case presents the question of whether the advice of an attorney not to appear at an immigration proceeding constitutes an exceptional circumstance beyond an alien's control.

The BIA's precedent establishes that counsel's erroneous instruction not to appear at an immigration hearing can constitute an "exceptional circumstance." In a highly similar case, *In re Grijalva-Barrera*, 21 I. & N. Dec. 472 (BIA 1996), the alien was ordered deported *in absentia* after "an employee of his prior attorney called to inform him that there had been a continuance and that he should not appear at the Immigration Court." *Id.* at 473. The BIA reasoned that the alien had no reason not to rely on the representations of his lawyer's employees and remanded the case to the IJ for reopening. *Id.*[3]

Under nearly identical circumstances in *Lo v. Ashcroft*, 341 F.3d 934 (9th Cir. 2003), the

---

[3] The statutory provision at issue in *In re Grijalva-Barrera* was former INA § 242B(c)(3)(A), 8 U.S.C. § 1252b(c)(3)(A), which has since been repealed. "Congress replaced th[is] provision with one that is in all respects identical except that what formerly was called 'deportation' is now referred to as 'removal.' " *Jobe v. INS*, 238 F.3d 96, 99 n.4 (1st Cir. 2001) (en banc); *see also Socop-Gonzalez v. INS*, 272 F.3d 1176, 1187 n.9 (9th Cir. 2001) (noting that these two provisions are functionally identical).

4

Ninth Circuit held that the denial of a motion to reopen was an abuse of discretion. Lo received written notice that his appearance at an immigration hearing was required. *Id.* at 935. The day before the hearing, he contacted his attorney's office to inform him that his wife was suffering severe back pain and that it was unlikely he could attend the hearing. *Id.* at 935-36. His attorney was not in his office, however, and Lo instead spoke with his attorney's secretary. *Id.* at 936. The secretary told Lo "that he 'had nothing to worry about since the hearing was not until [the following] Monday.' " *Id.* Acting on that advice, Lo did not attend the hearing and was ordered deported *in absentia. Id.* The Ninth Circuit concluded that the subsequent denial of Lo's motion to reopen was an abuse of discretion. *Id*. at 939.[4]

Although Galvez cited both *Lo* and *Grijalva-Barrerra* in his motion to reopen, neither the IJ nor the BIA addressed whether the reasoning of those cases applied here. This is especially troubling given that the BIA's regulations require it to follow its own precedent unless overruled. 8 C.F.R. § 1003.1(g).[5] The BIA's decision to "disregard [*Grijalva-Barrerra*] without giving a reasonable

---

[4] That reasonable reliance on counsel's erroneous advice can constitute "exceptional circumstances" requiring rescission of an order of removal is a reasonable reading of the statute. When an alien exercises his statutory right to retain counsel in a deportation proceeding, it is reasonable for him to grant effective control of the case to his attorney. *Monjaraz-Munoz v. INS*, 327 F.3d 892, 896 (9th Cir. 2003). Under similar circumstances in *Monjaraz-Munoz*, the Ninth Circuit stated:

> The role of an attorney . . . is especially important. For the alien unfamiliar with the laws of our country, an attorney serves a special role in helping the alien through a complex and completely foreign process. It is therefore reasonable for an alien to trust and rely upon an attorney's advice to such an extent that if an alien fails to show up to a hearing because of an attorney, we can say that this is an exceptional circumstance "beyond the control of the alien."

*Id* at 897; *see also Iturribarria v. INS*, 321 F.3d 889, 901 (9th Cir. 2003) ("One reason that aliens . . . retain legal assistance in the first place is because they assume that an attorney will know how to comply with the procedural details that make immigration proceedings so complicated.").

[5] *Billeke-Tolosa v. Ashcroft*, 385 F.3d 708, 712 (6th Cir. 2004) (BIA abuses its discretion when it ignores its own precedent); *Hernandez v. Ashcroft*, 345 F.3d 824, 846 (9th Cir. 2003) (same); *Johnson v. Ashcroft,* 286 F.3d 696, 700 (3d Cir. 2002) ("Although an agency can change or adapt

explanation for doing so," is arbitrary and thus an abuse of discretion. *See Diaz-Resendez*, 960 F.2d at 497.[6] Accordingly, we grant the petition for review.[7]

III

For the reasons stated, we GRANT the petition for review and REMAND for additional consideration consistent with this opinion.

---

its policies, it acts arbitrarily if it departs from its established precedents without 'announcing a principled reason' for the departure."); *Henry v. INS*, 74 F.3d 1, 6 (1st Cir. 1996) ("[A]dministrative agencies must apply the same basic rules to all similarly situated supplicants. An agency cannot merely flit serendipitously from case to case, like a bee buzzing from flower to flower, making up the rules as it goes along."); *Salameda v. INS*, 70 F.3d 447, 450 (7th Cir. 1995) ("An agency may not abandon an interpretation without an explanation . . . . Agencies do not have the same freedom as courts to change direction without acknowledging and justifying the change."); *Davila-Bardales v. INS*, 27 F.3d 1, 5 (1st Cir. 1994) (requiring BIA to "confront the issue squarely and explain why the departure is reasonable" when it departs from its own precedents).

[6] We decline the Government's invitation to affirm the IJ's decision on the grounds that Galvez has not shown that he was prejudiced by his counsel's performance. First, *In re Grijalva-Barrera*, 21 I. & N. Dec. at 473 n.2, provides that an alien need not demonstrate prejudice for his counsel's erroneous advice to constitute an "exceptional circumstance" justifying rescission of an *in absentia* removal order. Second, we may not affirm an agency decision on reasons other than those it provided. *Dong Sik Kwon v. INS*, 646 F.2d 909, 916 (5th Cir. 1981) (en banc) (court may not affirm BIA's decision on reasoning other than that adopted by the BIA).

[7] Galvez also challenges the IJ's decision to deny his motion to stay deportation. The filing of a motion to reopen after an *in absentia* removal order has been entered automatically stays removal pending the IJ's decision on the motion. 8 U.S.C. § 1229a(b)(5)(C); 8 C.F.R. § 1003.23(b)(1)(v); *In re M-S-*, 22 I. & N. Dec. 349, 354 (BIA 1998) (stating that motion to reopen to rescind *in absentia* removal order "is the only motion to reopen for which an automatic stay of deportation ensues"). Because the motion to reopen has already been ruled on, it is not pending before the IJ, and Galvez is no longer entitled to a stay pursuant to 8 U.S.C. § 1229a(b)(5)(C) (providing that removal is stayed "pending disposition of the motion by the immigration judge"). Accordingly, Galvez's request for a stay pursuant to 8 U.S.C. § 1229a(b)(5)(C) is moot. In any event, because the stay is automatic upon the filing of a motion to reopen a removal order entered *in absentia*, no action by the IJ is necessary for it to take effect. *See* 8 C.F.R. § 1003.23(b)(1)(v) ("*Except in cases involving* in absentia *orders*, the filing of a motion to reopen . . . shall not stay the execution of any decision made in the case.") (emphasis added).