United States Court of Appeals
Fifth Circuit

**F I L E D**

July 19, 2007

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

No. 06-60232
_____

THE STRAND THEATRE OF SHREVEPORT CORPORATION,

Petitioner - Cross-Respondent,

versus

NATIONAL LABOR RELATIONS BOARD,

Respondent - Cross-Respondent.

_____

Petition for Review and Cross Petition for Enforcement
of an Order of the National Labor Relations Board

_____

Before JONES, Chief Judge, and BENAVIDES and STEWART, Circuit
Judges.

EDITH H. JONES, Chief Judge:

      The Strand Theatre of Shreveport ("Strand") petitions for
review of a decision and order of the National Labor Relations
Board ("Board") concluding that Strand violated § 8(a)(1), (a)(3),
and (a)(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C.
§ 158(a)(1), (a)(3), and (a)(5), by unilaterally terminating its
use of the Union's hiring hall, refusing to bargain with the Union,
and eliminating the "Regular Employee" position.  The Board cross-
petitions for enforcement of its order.  Because Strand had a 9(a)
collective-bargaining agreement with Stage Employees Local 298
("Union"), Strand waived its argument that the Regular Employee was
a statutory supervisor, and the Union did not consent to the

elimination of the Regular Employee position, we DENY Strand's petition for review and GRANT enforcement of the Board's order.

## I.  BACKGROUND

Strand, a producer of theatrical plays in Shreveport, Louisiana, since 1925, began using stagehand labor referred by the Union in 1984 after completing a thorough restoration of the theater.  Beginning in 1993, Strand and the Union entered into three successive three-year agreements, each of which provided that "STRAND recognizes LOCAL as the exclusive representative of all employees performing work covered by this agreement with respect to wages, hours and working conditions."  The agreement also created the full-time position of Regular Employee, a position held by Stephen Palmer.

In 2002, Strand and the Union agreed to successive one-year extensions of the agreement, the last of which was set to expire on August 15, 2004.  Against a backdrop of Strand's cost cutting efforts, the parties began negotiating a successor agreement on July 22, 2004.  That same day Strand placed Palmer, the Regular Employee, on administrative leave.  When negotiations proved unacceptable to Strand, it announced that it would not enter into another collective-bargaining agreement with the Union because a nonunion labor supplier, Athalon Group, would significantly reduce labor costs.  When the agreement ended, Strand eliminated

2

the Regular Employee position, stopped using Union employees, and began to hire Athalon to staff its theater jobs.

The Union filed unfair labor charges contesting each of these actions. After a hearing, an Administrative Law Judge ("ALJ") found that the relationship between Strand and the Union had "matured" into a 9(a) relationship; Stephen Palmer was not a statutory supervisor; the parties did not agree to eliminate the Regular Employee position; and Strand therefore violated the NLRA. The Board adopted and affirmed the ALJ's decision. See 346 NLRB No. 51 (Feb. 27, 2006). Finding that the record clearly established a 9(a) relationship, the Board did not rely on the ALJ's finding that the parties' relationship had matured into a 9(a) relationship. The Board otherwise essentially agreed with the ALJ. Strand now petitions for review of the Board's order, and the Board cross-petitions for enforcement of its order.

## II. STANDARD OF REVIEW

This court will uphold the Board's decision "if it is reasonable and supported by substantial evidence on the record considered as a whole." J. Vallery Elec., Inc. v. NLRB, 337 F.3d 446, 450 (5th Cir. 2003) (internal quotation marks and citation omitted). Our deference to the Board's expertise extends to its findings of fact and application of law. Id. Nevertheless, the court reviews the Board's legal conclusions, including its interpretation of a collective-bargaining agreement, de novo. Id.;

3

<u>Brown & Root, Inc. v. NLRB</u>, 333 F.3d 628, 633 (5th Cir. 2003).  We will enforce the Board's order if its "construction of the statute is 'reasonably defensible.'"  <u>NLRB v. Superior Prot., Inc.</u>, 401 F.3d 282, 287 (5th Cir.), <u>cert. denied</u>, __ U.S. __, 126 S. Ct. 244 (2005) (quoting <u>NLRB v. Motorola, Inc.</u>, 991 F.2d 278, 282 (5th Cir. 1993)).

### III.  DISCUSSION

### A.  Section 9(a) Agreement

Section 9(a) of the NLRA requires employers to bargain with unions that have been "designated or selected for the purposes of collective bargaining by the majority of the employees in a unit appropriate for such purposes."  29 U.S.C. § 159(a); <u>see also</u> <u>Nova Plumbing, Inc. v. NLRB</u>, 330 F.3d 531, 533 (D.C. Cir. 2003).  However, the Act treats construction-industry employers differently with respect to the majority-support requirement.  <u>Id.</u>  Section 8(f) allows a contractor to sign "pre-hire" agreements with a union regardless of the union's majority status.  29 U.S.C. § 158(f); <u>Nova Plumbing</u>, 330 F.3d at 534; <u>In re Staunton Fuel & Material, Inc.</u>, 335 NLRB 717, 718 (2001).  The reason for this limited exception lies in the unique nature of the construction industry, which is organized differently because employees frequently work for multiple employers for short periods of time.  <u>See</u> <u>Nova Plumbing</u>, 330 F.3d at 534; <u>Am. Automatic Sprinkler Sys., Inc. v. NLRB</u>,

4

163 F.3d 209, 214 (4th Cir. 1998); NLRB v. Catalytic Indus. Maint. Co., 964 F.2d 513, 515 n.1 (5th Cir. 1992).

Sections 8(f) and 9(a) also differ in their treatment of the employer's bargaining obligation after a contract expires. See Staunton Fuel, 335 NLRB at 718; see also Nova Plumbing, 330 F.3d at 533. A construction-industry employer may refuse to bargain after the expiration of an 8(f) agreement because the union never enjoyed the presumption of majority support. Id. at 534; Am. Automatic Sprinkler, 163 F.3d at 215. In contrast, a non-construction employer must continue bargaining with a union after a 9(a) agreement expires because the union is entitled to a continuing presumption of majority status. Nova Plumbing, 330 F.3d at 534; Am. Automatic Sprinkler, 163 F.3d at 214; Staunton Fuel, 335 NLRB at 718; Barrington Plaza & Tragniew, Inc., 185 NLRB 962, 963 (1970), enforced in part sub nom. NLRB v. Tragniew, Inc., 470 F.2d 669 (9th Cir. 1972). This presumption can be rebutted by the employer with evidence that the union has lost majority support. See Staunton Fuel, 335 NLRB at 718; see also Tri-State Health Serv., Inc. v. NLRB, 374 F.3d 347, 352 (5th Cir. 2004); Nova Plumbing, 330 F.3d at 534; Am. Automatic Sprinkler, 163 F.3d at 214.

Notably, an 8(f) union can achieve 9(a) status with proof of majority support.[1]  <u>Staunton Fuel</u>, 335 NLRB at 718; <u>Decorative Floors, Inc.</u>, 315 NLRB 188, 189 (1994).  The Board has "presume[d] that all collective bargaining agreements in the [construction] industry are 8(f) contracts and therefore require[s] parties asserting the existence of a section 9(a) relationship to prove affirmatively that such a relationship exists."  <u>Nova Plumbing</u>, 330 F.3d at 536 (citation omitted).  An 8(f) union can overcome this presumption and achieve 9(a) status where the record shows that "(1) the union requested recognition as the majority or 9(a) representative of the unit employees; (2) the employer recognized the union as the majority or 9(a) bargaining representative; and (3) the employer's recognition was based on the union's having shown, or having offered to show, evidence of its majority support."  <u>Staunton Fuel</u>, 335 NLRB at 720.

Citing <u>Staunton Fuel</u>, Strand argues that it did not have a section 9(a) collective-bargaining agreement with the Union because the agreement does not show that the Union represents a

---

[1]    The Board has abandoned the "conversion doctrine," which allowed an 8(f) pre-hire agreement to convert into a 9(a) agreement other than through a Board election or voluntary recognition.  <u>Catalytic</u>, 964 F.2d at 520 (citing <u>John Deklewa & Sons, Inc.</u>, 282 NLRB 1375 (1987), <u>enforced sub nom. Int'l Ass'n of Bridge, Structural & Ornamental Iron Workers, Local 3 v. NLRB</u>, 843 F.2d 770 (3d Cir. 1988)).  Although other circuits have adopted <u>Deklewa</u>, <u>see</u> <u>Am. Automatic Sprinkler</u>, 163 F.3d at 215 & n.3, the Fifth Circuit has not yet resolved this issue and we need not do so today.  <u>See Catalytic</u>, 964 F.2d at 521 & n.11.

majority of employees.[2]  Although the agreement states that the Union is the exclusive bargaining representative of Strand employees, the record lacks evidence of a card check, petition, or election showing the Union's majority status.  Strand's contention is that 8(f) cases are equally applicable outside the construction industry and that a non-construction union must claim 9(a) status through the same process as an 8(f) construction union.  See id. at 718; see also Am. Automatic Sprinkler, 163 F.3d at 218.

Strand's exclusive reliance upon 8(f) construction-industry cases is misplaced because Strand is not engaged in the construction industry, and the Union here is not seeking the "conversion" of an 8(f) agreement into a 9(a) agreement.  Moreover, Staunton Fuel does not hold, as asserted by Strand, that 8(f) cases apply to non-construction cases or that non-construction unions must follow the same procedure as construction unions to confirm 9(a) status.  Strand's argument flatly contradicts the principle that except in the construction industry, a Union is entitled to a presumption of majority support during and after the contract period, and the agreement need not expressly reflect the Union's majority status.  See Barrington Plaza, 185 NLRB at 963; Pekowski Enters., Inc., 327 NLRB 413, 426 (1999).  Strand has made no effort

---

[2]     The Board urges the court to summarily enforce its finding that Strand violated NLRA § 8(a)(3) and (a)(1) by refusing to hire Union employees because Strand failed to except to this finding.  See 29 U.S.C. § 160(e).  Strand argues that it cannot be held liable for violations if there was no 9(a) relationship to begin with.  Strand acknowledges that if we decide the Union enjoyed 9(a) status, we must uphold the Board's decision that Strand violated § 8(a)(3) and (a)(1).

to show that the Union had lost majority support when Strand refused to bargain. Therefore, the Board reasonably concluded that in light of Strand's years-long recognition of the Union as the "exclusive representative" of employees, and the absence of proof that majority support had been lost, Strand violated the Act by refusing to bargain with the Union after the expiration of the agreement.[3]

## B. Regular Employee

Strand also seeks review of the Board's decision that it violated the Act by eliminating the Regular Employee position held by Stephen Palmer on the theory that he was a statutory supervisor unprotected by the NLRA. However, Strand waived this argument by failing to raise it before filing its post-hearing brief to the ALJ. See Trident Seafoods, Inc. v. NLRB, 101 F.3d 111, 116 (D.C. Cir. 1996) (citing Anthony Motor Co., Inc., 314 NLRB 443, 449 (1994)). Although Strand points to record evidence indicating Palmer was a supervisor, it does not contend that it properly raised the issue of Palmer's status before its post-hearing brief.

---

[3] The Board argues that the six-month limitation in NLRA § 10(b) bars Strand from challenging the Union's 9(a) relationship. See 29 U.S.C. § 160(b); Local Lodge No. 1424 (Bryan Mfg. Co.) v. NLRB, 362 U.S. 411, 416-17, 80 S. Ct. 822, 826-27 (1960). However, the Board did not rely on § 10(b). Accordingly, we will not address the Board's argument because "we may not affirm an agency decision on reasons other than those it provided." Galvez-Vergara v. Gonzales, 484 F.3d 798, 803 n.6 (5th Cir. 2007); Jupiter Energy Corp. v. FERC, 407 F.3d 346, 349 (5th Cir. 2005); see also Nova Plumbing, 330 F.3d at 539 ("In any event, we need not resolve this issue, for the Board did not rely on section 10(b) and '[w]e cannot sustain agency action on grounds other than those adopted by the agency in the administrative proceedings.'" (quoting Macmillan Publ'g Co. v. NLRB, 194 F.3d 165, 168 (D.C. Cir. 1999))).

This failure deprived the Board of a full and fair opportunity to litigate the issue before the ALJ.  See id.; see also NLRB v. George Koch Sons, Inc., 950 F.2d 1324, 1336-37 (7th Cir. 1991); Local 594, Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am., UAW v. NLRB, 776 F.2d 1310, 1314 (6th Cir. 1985); Union Elec. Co., 196 NLRB 830, 837 n.34 (1972).

Strand finally contends that the Union consented during negotiations to eliminate the Regular-Employee position before the agreement expired.  This "concession", however, followed after Strand unilaterally informed the Union that the position had already been eliminated.  See NLRB v. Katz, 369 U.S. 736, 743, 82 S. Ct. 1107, 1111 (1962) (unilateral change in conditions of employment violates § 8(a)(5)).  The ALJ correctly found that the Union was presented with a fait accompli, and the Board reasonably concluded that Strand violated the Act by eliminating the Regular-Employee position.

## IV.  CONCLUSION

Accordingly, Strand's petition for review is DENIED; the NLRB's cross-petition for enforcement of its order is GRANTED.

**PETITION FOR REVIEW DENIED; ENFORCEMENT GRANTED.**

9