IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 21, 2008

Charles R. Fulbruge III
Clerk

No. 08-60048
Summary Calendar

VICTOR MANUEL ALVARADO-VALLARDES

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A98 682 510

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

In January 2006, Victor Manuel Alvarado-Vallardes (Alvarado), a native
and citizen of El Salvador, was ordered removed in absentia after he failed to
appear at a removal hearing and answer charges that he was an alien present
in the United States without being admitted or paroled.  He filed a motion to
reopen removal proceedings in May 2007 claiming, inter alia, that he had not
understood the removal process in January 2006, and that gang-related
circumstances in El Salvador had worsened sufficiently to warrant reopening

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

proceedings despite the untimeliness of his motion. In his petition for review, Alvarado argues that the Board of Immigration Appeals (BIA) abused its discretion by dismissing his appeal from the immigration judge's (IJ's) order denying that motion. He challenges only the BIA's holding that he had failed to show materially changed conditions in El Salvador, and he has abandoned his claim that his failure to attend the January 2006 hearing was justified. See Soadjede v. Ashcroft, 324 F.3d 830, 833 (5th Cir. 2003).

This court generally reviews only the BIA's decision, not that of the IJ, except to the extent that the IJ's decision influences the BIA. See Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997). We have jurisdiction to review the denial of an untimely motion to reopen based on changed circumstances in the alien's home country. Panjwani v. Gonzales, 401 F.3d 626, 632 (5th Cir. 2005). The denial of the motion is reviewed for an abuse of discretion and the factual findings are reviewed for substantial evidence. Id. There is no abuse of discretion where the BIA's decision is not "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach." Galvez-Vergara v. Gonzales, 484 F.3d 798, 801 (5th Cir. 2007) (internal quotations and citation omitted). Motions to reopen deportation proceedings are not favored. INS v. Doherty, 502 U.S. 314, 323 (1992).

A party must ordinarily file a motion to reopen proceedings following the issuance of an in absentia removal order no later than 180 days after the date of the order. 8 C.F.R. § 1003.23(b)(4)(ii). The alien must also demonstrate that the failure to appear was because of "exceptional circumstances as defined in section 240(e)(1) of the Act." Id. These limitations do not apply, however, to motions to reopen based on "changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." See 8 C.F.R. § 1003.2(c)(3)(ii).

Contrary to Alvarado's assertions, the BIA's dismissal reflects that it considered the evidence submitted by Alvarado to show worsened conditions in El Salvador, and found that those materials do not show material worsening of gang-related conditions in El Salvador since January 2006. His case is thus unlike those upon which he relies, including Gebreeyesus v. Gonzales, 482 F.3d 952, 955 (7th Cir. 2007), where the BIA was found to have rejected documents offered in support of a motion to reopen "without any explanation." The BIA did not abuse its discretion in dismissing Alvarado's appeal. See Panjwani, 401 F.3d at 632.

AFFIRMED.