REVISED JANUARY 22, 2009
IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**
January 21, 2009

Charles R. Fulbruge III
Clerk

No. 08-60191
Summary Calendar

PATERNE BIZABISHAKA

Petitioner

v.

MARK FILIP, Acting U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A96 094 420

Before KING, DENNIS, and OWEN, Circuit Judges.
PER CURIAM:[*]

Paterne Bizabishaka, a native and citizen of Burundi, petitions this court
for review of the Board of Immigrations Appeals's (BIA) order denying his
motion to reopen based on changed country conditions. In Bizabishaka's prior
proceedings, the BIA primarily rejected his claims for relief based on a finding
that the Tutsi dominated government of Burundi was willing to protect him from
persecution at the hands of rival ethnic Hutus. Bizabishaka now seeks to reopen

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

his immigration proceedings based on a 2005 change to a Hutu dominated government in Burundi.

The BIA denied the motion to reopen Bizabishaka's claims for asylum and withholding of removal based on a finding that Bizabishaka had not offered any evidence to corroborate his claims that his father continued to suffer persecution at the hands of the Hutu government. An asylum applicant may be required to provide corroborating evidence where it is reasonable to do so. Zhao v. Gonzales, 404 F.3d 295, 304 (5th Cir. 2005). We conclude that the BIA did not abuse its discretion by denying the motion to reopen for failure to provide corroborating evidence. See Galvez-Vergara v. Gonzales, 484 F.3d 798, 801 (5th Cir. 2007).

However, the record also shows that the BIA failed to address Bizabishaka's motion to reopen in the context of his claim for relief under the Convention Against Torture. Therefore, this matter must be remanded to the BIA for a determination of this issue in the first instance. See Eduard v. Ashcroft, 379 F.3d 182, 196 (5th Cir. 2004).

Accordingly, Bizabishaka's petition for review is GRANTED IN PART and DENIED IN PART. This matter is REMANDED to the BIA for further proceedings consistent with this opinion.