# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 5, 2010

No. 09-60349
Summary Calendar

Charles R. Fulbruge III
Clerk

JOSE NAPOLEON DEL CID-LAUREANO,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A094 772 053

Before REAVLEY, DAVIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jose Napoleon Del Cid-Laureano (Del Cid), a native and citizen of El Salvador, was ordered removed in absentia in 2006. Although he was personally served with a notice to appear explaining the charges against him, he did not provide the Government or the immigration court with his address and so did not receive a notice of the date and time of his hearing. He now petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal of the denial of his motion to reopen his removal proceedings.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because the BIA expressly adopted the reasoning of the immigration judge (IJ), we review both the IJ and BIA's decisions. *Gomez-Palacios v. Holder,* 560 F.3d 354, 358 (5th Cir. 2009); *Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2003). We review for abuse of discretion the BIA's denial of a motion to reopen. *Galvez-Vergara v. Gonzales*, 484 F.3d 798, 800 (5th Cir. 2007). The BIA acts within its discretion in denying the motion unless its decision is capricious, arbitrary, racially invidious, without foundation in the record, or irrational. *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006). We review factual findings for substantial evidence and will uphold them unless the record compels otherwise. *Chen v. Gonzales,* 470 F.3d 1131, 1134 (5th Cir. 2006); *Panjwani v. Gonzales*, 401 F.3d 626, 632 (5th Cir. 2005).

Del Cid first argues that he was under no obligation to inform the Government or the immigration court of his address, maintaining that an alien cannot be compelled to provide his address until the Government notifies the alien both of the charges against him and of the date and time of the removal hearing. Furthermore, he contends, because he did not receive notice of the hearing, the immigration court was without authority to order him removed in absentia.

When an alien is served with a notice to appear, he is required to immediately inform the Government and the immigration court of his address. 8 U.S.C. § 1229(a)(1)(F)(i),(ii); 8 C.F.R. § 1003.15(d)(1). Del Cid was given ample notice of this duty. The notice to appear informed him that he was obligated to provide an address, explained that if he failed to provide an address he was not entitled to receive notice of the date and time of his removal hearing, and advised him of the consequences of failing to appear at that hearing. Furthermore, he was advised in Spanish of the consequences of failing to appear at the removal hearing. Because he neglected to discharge his obligation to provide his address, he was not entitled to notice of the hearing. § 1229(a)(1)(F)(i); § 1229a(b)(5)(B); 8 C.F.R. § 1003.18(b). Accordingly, the IJ had

2

the authority to order him removed in absentia absent proof that he received notice of the hearing. § 1229a(b)(5)(A), (B); § 1003.18(b). An in absentia order of removal should not be revoked where an alien's failure to receive actual notice of the hearing was caused by his own conduct in neglecting to discharge his responsibility to provide his address. *Gomez-Palacios*, 560 F.3d at 360-61. Thus, the BIA did not abuse its discretion in declining to reopen Del Cid's removal proceedings on this basis.

Del Cid next argues that the evidence compels the conclusion that he in fact notified the immigration court of his address, but we cannot agree. Although Del Cid presented evidence in the form of affidavits that his friend helped him complete the required form, took it to the post office, and submitted it on Del Cid's behalf, the IJ and BIA found these general assertions insufficient given that Del Cid failed to provide specific evidence identifying the address the form was mailed to, whether sufficient postage was affixed, and whether the form was sent via certified mail. Both the IJ and BIA noted that the immigration court's file did not contain the form and that the required proof of service on the copy of the form that Del Cid submitted with his motion to reopen was not completed. Furthermore, the IJ explained that despite Del Cid's request for an immediate hearing, he failed to contact the immigration court to learn whether and when a hearing had been scheduled. These reasons were sufficient to justify the IJ and BIA's finding that Del Cid did not provide his address to the Government or the immigration court, and Del Cid's evidence does not compel a contrary conclusion.

Finally, Del Cid argues that the immigration court or the Government could have sent notice of the hearing to his mother's address, which was listed on a visa petition she filed naming Del Cid as a beneficiary. He did not raise this argument in the BIA; thus, he has failed to exhaust it, and we cannot consider it. *Heaven v. Gonzales*, 473 F.3d 167, 177 (5th Cir. 2006).

The petition for review is DENIED.

3