# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 3, 2012

No. 11-60205
Summary Calendar

Lyle W. Cayce
Clerk

ABDUL AZIZ MOHAMMED,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A094 077 022

Before BARKSDALE, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Abdul Aziz Mohammed, a native and citizen of India, petitions for review of the Board of Immigration Appeals' (BIA) dismissal of his appeal of the immigration judge's (IJ) denying his request for a continuance of his removal proceedings. Subsequently, he was ordered removed. Mohammed contends: in the light of factors identified by the BIA in *In re Hashmi*, 24 I. & N. Dec. 785, 790-91 (BIA 2009), the continuance should have been granted.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60205

Whether to grant a motion to continue lies within the sound discretion of the IJ, who may grant it for good cause shown. *Witter v. INS*, 113 F.3d 549, 555 (5th Cir. 1997). We review for abuse of discretion. *Id.* "Neither the BIA nor the IJ abuses its discretion so long as [the decision] is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach." *Galvez-Vergara v. Gonzales*, 484 F.3d 798, 801 (5th Cir. 2007) (citation and internal quotation marks omitted).

Mohammed's reliance on *Hashmi* is misplaced. In *Hashmi*, the alien's spouse filed a Form I-130 (petition for priority status of alien relative) *before* the alien moved for a continuance of his removal proceedings. 21 I. & N. Dec. at 786. In this instance, Mohammed's purported spouse, Rosalinda Espinoza, did not file a Form I-130 on Mohammed's behalf until *after* Mohammed moved for the continuance.

More importantly, when Mohammed so moved, he was not legally married to Espinoza, because, as found by both the IJ and the BIA, she had not yet divorced her first husband. And, Mohammed could not specify when Espinoza's divorce would be final. *See Witter*, 113 F.3d at 555-56 ("The BIA did not abuse its discretion in affirming the IJ's refusal to grant a continuance of indefinite duration.").

DENIED.