# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 15, 2012

No. 11-60853
Summary Calendar

Lyle W. Cayce
Clerk

ANTHONY PINDER,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 848 359

Before SMITH, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Anthony Pinder petitions for review of the Board of Immigration Appeals's (BIA) decision to dismiss his appeal of the Immigration Judge's (IJ) order denying his applications for asylum, withholding of removal, and withholding of removal under the Convention Against Torture (CAT). He includes as issues for appeal the determination that he was removable, the denial of his applications for immigration relief, and the denial of his request for a continuance of the merits hearing.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60853

Pinder did not challenge the IJ's determination that he was removable before the BIA. Pinder's failure to exhaust this issue before the BIA is a jurisdictional bar to our review of the issue. *See Omari v. Holder*, 562 F.3d 314, 319 (5th Cir. 2009).

Although Pinder lists the denial of his applications for asylum, withholding of removal, and withholding of removal under the CAT as an issue in his petition for review, he expressly disclaims in his brief that he is challenging the denial of this relief. Pinder's challenge to the denial of this relief is abandoned. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (citing *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987)). Moreover, any challenge to the denial of his applications is waived by virtue of inadequate briefing as Pinder does not address the facts, case law, statutes, or regulations cited by the IJ or BIA to deny him relief. *See Brinkmann*, 813 F.2d at 748; *Calderon-Ontiveros v. INS*, 809 F.2d 1050, 1052 (5th Cir. 1986).

Pinder has shown no abuse of discretion regarding the denial of his second request for a continuance of the merits hearing. *See Galvez-Vergara v. Gonzales*, 484 F.3d 798, 801 (5th Cir. 2007); *Witter v. INS*, 113 F.3d 549, 555 (5th Cir. 1997). The IJ had continued the hearing once before to allow Pinder time to obtain evidence.

Pinder's petition for review is DENIED in part and DISMISSED in part for lack of jurisdiction.