# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60090
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 18, 2014

Lyle W. Cayce
Clerk

CIRILO PADILLA-NAVARRO,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A074 588 884

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Cirilo Padilla-Navarro, a native and citizen of Mexico, appeals from the Board of Immigration Appeals's ("BIA") summary affirmance of the immigration judge's ("IJ") denial of his motion to reopen and to sua sponte reopen his removal proceedings. He argues that his removal proceedings should have been reopened based on an intervening change in the law relating to the physical presence requirement necessary for suspension of deportation,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60090

that the BIA's summary affirmance procedures violated his due process rights and were improperly used given the circumstances of his case, and that the IJ erred in determining in his initial order that Padilla was ineligible for suspension of deportation.

We review the denial of a motion to reopen for abuse of discretion. *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). When the BIA summarily affirms the IJ's decision without opinion, as in this case, we review the IJ's decision. *Galvez-Vergara v. Gonzales*, 484 F.3d 798, 801 (5th Cir. 2007).

Padilla's motion to reopen was untimely, as it was filed 15 years after the IJ's decision. Padilla has not shown that his untimeliness should be excused based on a statutory exception. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Padilla therefore has not shown that the IJ's denial of his motion to reopen was an abuse of discretion. In addition, we do not have jurisdiction to consider his argument that the IJ erred by denying his request to sua sponte reopen his removal proceedings. *See Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 249-50 (5th Cir. 2004). Accordingly, this portion of his petition for review is dismissed. *See Ramos-Bonilla v. Mukasey*, 543 F.3d 216, 220 (5th Cir. 2008).

Padilla next argues that the IJ, by failing to sua sponte reopen, ignored an intervening change in the law regarding his physical presence in the United States, an alleged change set forth in *In re Avilez-Nava*, 23 I. & N. Dec. 799, 805 (BIA 2005). The IJ's decision not to sua sponte reopen his proceedings was entirely discretionary. The IJ stated that even if *Avilez-Nava* were applicable, she would still not sua sponte reopen Padilla's proceedings because he had ignored a previous voluntary departure order and because he continued to violate this country's immigration laws.

No. 14-60090

Padilla also argues the BIA failed to follow *In re X-G-W*, 22 I. & N. Dec. 71, 74 (BIA 1998), in which the BIA exercised its authority to sua sponte reopen a case based on a change in asylum law, and therefore he met the requirements for a written opinion and submission to a three-member panel. *See* 8 C.F.R. § 1003.1(e)(4)(i), (e)(6)(ii), (iii). Under the circumstances, Padilla has not shown that the BIA erred by failing to issue a written opinion or by failing to submit his case to a three-member panel. *See* § 1003.1(e)(4)(i), (e)(5). Moreover, Padilla has not shown that the BIA's summary affirmance of the IJ's decision violated his due process rights. *See Soadjede v. Ashcroft*, 324 F.3d 830, 832-33 (5th Cir. 2003).

Finally, Padilla concedes that review of the IJ's underlying decision denying suspension of deportation is not before this court because he did not seek administrative or judicial review of that decision. *See* 8 U.S.C. § 1252(b)(1) (requiring a petition for review to be filed within thirty days of the final administrative order of removal); *Kane v. Holder*, 581 F.3d 231, 237 n.14 (5th Cir. 2009).

PETITION FOR REVIEW DENIED IN PART, DISMISSED IN PART.