# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60470
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 26, 2015

Lyle W. Cayce
Clerk

ROBERTO JOSUE JIMENEZ GARCIA,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 969 800

Before STEWART, Chief Judge, and PRADO and HAYNES, Circuit Judges.
PER CURIAM:*

Roberto Josue Jimenez Garcia (Jimenez), a native and citizen of Nicaragua, petitions for review of a decision by the Board of Immigration Appeals (BIA) dismissing his application for withholding of removal. Jimenez sought relief based on his membership in a political party opposed to the Nicaraguan government and his fear that he would be persecuted if he returned to Nicaragua. The immigration judge (IJ) determined that Jimenez

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

failed to substantiate his claim by not submitting any documentation to support his assertions of political persecution and ordered Jimenez removed to Nicaragua.   The BIA agreed and summarily affirmed the IJ's decision, dismissing the appeal.   When the BIA summarily affirms the IJ's decision without opinion, this court reviews the IJ's decision.   *Galvez-Vergara v. Gonzales*, 484 F.3d 798, 801 (5th Cir. 2007).

To be entitled to withholding of removal, Jimenez must demonstrate that it is more likely than not that his life or freedom will be threatened because of his political opinion.   *See* 8 U.S.C. § 1231(b)(3)(A).   We review the factual determination that an alien is not eligible for withholding of removal under the substantial evidence standard.   *See Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).   Under that standard, we may not reverse an immigration court's factual findings unless "the evidence was so compelling that no reasonable factfinder could conclude against it."   *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009).

Jimenez argues that the IJ erred by requiring him to provide corroborating evidence for his claim of political persecution.   However, in order to carry his burden of proof, a petitioner may be required to present reasonably available corroborative evidence of his claims, and the failure to do so may be dispositive of the petitioner's application for relief without regard to the credibility of his testimony.   *Rui Yang v. Holder*, 664 F.3d 580, 585-87 (5th Cir. 2011).   In reviewing challenges to determinations regarding the availability of corroborating evidence, this court considers whether the IJ was "compelled to conclude that such corroborating evidence is unavailable."   *Id*. at 587 (quoting 8 U.S.C. § 1252(b)(4)).

Jimenez testified that he received death threats based on his opposition to the Nicaraguan government and membership in the Party Liberal

No. 14-60470

Constitutional. He also recounted an incident in which individuals threw rocks and other objects at his house based on his political activity. Jimenez estimated that the party had three to four million members. However, in spite of the alleged size and influence of the party, Jimenez did not submit any documentation to corroborate his claim of political persecution. He offered only general assertions about the opposition party and the current state of political affairs in Nicaragua. In light of the record, the IJ was not compelled to conclude that corroborating evidence was unavailable. *See Rui Yang*, 664 F.3d at 587. The IJ did not err when it concluded that Jimenez had failed to meet his burden of proof in showing that it is more likely than not that he would be harmed based on political opinion if he was removed to Nicaragua.

In light of the foregoing, Jimenez's petition for review of the BIA's order dismissing his appeal is DENIED.

3