# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60650
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 8, 2017

Lyle W. Cayce
Clerk

JOSE LUIS LOPEZ-CRISTALES,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A076 650 917

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

Jose Luis Lopez-Cristales, a native and citizen of Guatemala, petitions this court to review the denial of his motion to reopen in absentia removal proceedings. We review the rulings of law by the Board of Immigration Appeals (BIA) de novo and its findings of fact for substantial evidence. *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007). We "may not overturn the BIA's factual findings unless the evidence compels a contrary conclusion." *Gomez-*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60650

*Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).    Because the BIA summarily affirmed the decision of the immigration judge (IJ) without opinion, we review the IJ's decision. *Galvez-Vergara v. Gonzales*, 484 F.3d 798, 801 (5th Cir. 2007).

An in absentia removal order may be rescinded upon a motion to reopen filed at any time if the alien demonstrates that he did not receive notice in accordance with 8 U.S.C. § 1229(a).  8 U.S.C. § 1229a(b)(5)(C)(ii).  Nothing that Lopez-Cristales has presented compels a conclusion contrary to the IJ's determination that he was not entitled to reopening based on a lack of notice. *See Gomez–Palacios*, 560 F.3d at 358.

The time limitations for filing a motion to reopen do not apply if the reason for the motion is to apply for asylum, withholding of removal, or Convention Against Torture (CAT) relief and the motion "is based on changed country conditions arising in the country of nationality."    8 U.S.C. § 1229a(c)(7)(C)(ii).  The IJ found that Lopez-Cristales failed to show changed conditions in Guatemala as grounds for a claim of asylum.  This decision was not capricious, lacking foundation in the evidence, or otherwise so irrational that it was arbitrary. *See Gomez–Palacios*, 560 F.3d at 358.

To the extent that Lopez-Cristales contends that the IJ's failure to exercise its discretion to reopen the removal proceedings sua sponte was error, we lack jurisdiction over such a claim. *Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 248-50 (5th Cir. 2004).

Because we lack jurisdiction over the decision not to reopen the removal proceedings sua sponte, Lopez-Cristales's petition is DISMISSED, IN PART, on that basis.  The remainder of his petition is DENIED.  The Respondent's motion to summarily deny the petition for review is DENIED AS UNNECESSARY.