# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 24, 2021

Lyle W. Cayce
Clerk

No. 19-60489
Summary Calendar

---

Terna Andrew Ityonzughul,

*Petitioner*,

*versus*

Merrick B. Garland, *U.S. Attorney General,*

*Respondent.*

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 426 822

---

Before Owen, *Chief Judge*, and Haynes and Costa, *Circuit Judges*.

Per Curiam:*

Terna Andrew Ityonzughul, a native and citizen of Nigeria, petitions for review of orders by the Board of Immigration Appeals (BIA) denying his motion to reopen and for reconsideration. On appeal, he presents claims that pertain to whether he demonstrated extraordinary circumstances warranting

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-60489

reopening and rescission of his in absentia order of removal, whether he is entitled to a remand to file an application for cancellation of removal, and whether he has newly discovered evidence warranting reopening.

We review the denial of a motion to reopen or reconsider under a highly deferential abuse-of-discretion standard. *Lowe v. Sessions*, 872 F.3d 713, 715 (5th Cir. 2017). We also review the denial of a remand for an abuse of discretion. *Milat v. Holder*, 755 F.3d 354, 365 (5th Cir. 2014). We review the BIA's decision and consider the immigration judge's decision only to the extent it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).

The BIA did not abuse its discretion in determining that Ityonzughul failed to demonstrate the existence of extraordinary circumstances warranting reopening and rescission of his in absentia order of removal. An in absentia order of removal may be rescinded if the alien demonstrates that the failure to appear was due to exceptional circumstances. 8 U.S.C. § 1229a(b)(5)(C)(i). Although ineffective assistance of counsel may constitute an exceptional circumstance under § 1229a(b)(5)(C)(i), Ityonzughul has failed to demonstrate that counsel performed deficiently. *See Galvez-Vergara v. Gonzales*, 484 F.3d 798, 801-02 (5th Cir. 2007). Despite his claim that when he called the office of his former attorney, he was informed of an incorrect hearing date, the record also reflects that Ityonzughul was given the notice of the hearing by his former attorney and that the attorney informed him of the correct hearing date on multiple occasions. Additionally, while Ityonzughul is correct that his former attorney mistakenly referred to a notice to appear rather than a notice of hearing, this mistake is inconsequential because the October 23, 2012, hearing date was only contained in a December 22, 2011, notice of hearing sent to his former attorney. The BIA also did not disregard its own precedent because Ityonzughul was not required to demonstrate prejudice to succeed on his

ineffective-assistance claim; instead the BIA rejected this claim because he failed to demonstrate that his former attorney performed deficiently. Accordingly, the BIA did not abuse its discretion in denying the motion to reopen.

The BIA did not abuse its discretion in determining that Ityonzughul was not entitled to reopening based on newly discovered evidence. "A motion to reopen proceedings shall not be granted unless it appears to the [BIA] that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). Because the evidence that Ityonzughul sought to introduce was part of the administrative record, it could have been discovered prior to the filing of his initial motion to reopen. Moreover, Ityonzughul has offered no explanation why he could not have presented his evidence in his initial motion to reopen. Accordingly, the BIA did not abuse its discretion in denying the motion for reconsideration.

Next, to the extent that Ityonzughul argues that his removal order is invalid because he never received the notice to appear, this claim is unexhausted and therefore we lack jurisdiction to address it. *See Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001).

Lastly, however, Ityonzughul is correct in his argument that the BIA abused its discretion in determining that he was statutorily ineligible for cancellation of removal. Cancellation may be available to applicants who have been continuously present in the United States for ten or more years prior to filing an application, who can establish good moral character during that time, who have no disqualifying convictions, and whose spouse, children, or parent would suffer exceptional and extremely unusual hardship if the applicant were removed. 8 U.S.C. § 1229b(b)(1). Pursuant to the "stop time" rule, the period of continuous physical presence is deemed to end

when an applicant is served a notice to appear.  8 U.S.C. § 1229b(d)(1)(A). While the failure to specify the time and date of an initial hearing does not render a notice to appear defective and does not deprive the immigration court of jurisdiction,  *See Pierre-Paul v. Barr*, 930 F.3d 684, 689-90, 693 (5th Cir. 2019), *abrogated in part on other grounds by Niz-Chavez v. Garland*, ___ U.S. ___, 141 S. Ct. 1474 (2021), the Supreme Court recently held that a "notice to appear" sufficient to trigger the "stop time" rule must be a single document containing the requisite information set out by statute.  *Niz-Chavez*, 141 S. Ct. at 1485.

Ityonzughul argues that he has more than ten years of continuous physical presence in the United States because the subsequent service of a notice of hearing after the receipt of an invalid notice to appear did not trigger the "stop time" rule.  Per *Niz-Chavez*, Ityonzughul is correct.  Because he received two documents—the notice of hearing containing the information missing from the notice to appear—and neither document was independently sufficient to trigger the "stop time rule," Ityonzughul may be eligible for cancellation of removal.  Thus, we remand to the BIA to determine whether Ityonzughul is eligible for cancellation.

\* \* \*

Based upon the foregoing, the petition for review is DENIED in part, DISMISSED in part, and GRANTED in part. We REMAND to the BIA for further proceedings consistent with this opinion.