# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-60279
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
April 10, 2025

Lyle W. Cayce
Clerk

Hui Xin Li,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A241 007 178

---

Before Barksdale, Stewart, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Hui Xin Li, a native and citizen of China, petitions this court for review of the Board of Immigration Appeals' (BIA) affirming and adopting the immigration judge's (IJ) 27 January 2023 order denying her 19 December 2022 motion to reopen, which sought rescission of a 5 October 2022 removal order that was entered *in absentia* after she failed to attend her removal

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

hearing. She contends the BIA erred by concluding she: received adequate notice of her removal hearing as required by statute; and did not demonstrate that her failure to appear was caused by exceptional circumstances.

When, as here, the BIA adopts the IJ's findings and conclusions, our court has authority to review both the IJ's and BIA's decisions. *E.g.*, *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997). Because motions to reopen are "disfavored", their denial is reviewed "under a highly deferential abuse-of-discretion standard". *Mauricio-Benitez v. Sessions*, 908 F.3d 144, 147 (5th Cir. 2018) (citation omitted). This standard requires a ruling to stand so long as it is not "capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach". *Id.* (citation omitted).

After the immigration court has ordered an alien removed *in absentia*, the alien may move to reopen the removal proceedings and request rescission of the order. *See* 8 U.S.C. § 1229a(b)(5)(C). There are two scenarios in which the agency will rescind the order: upon a motion to reopen filed within 180 days where the alien's "failure to appear [at the removal hearing] was because of exceptional circumstances"; or upon a motion to reopen filed at any time where the alien, *inter alia*, did not receive the required notice regarding the charges against her or about the removal hearing. § 1229a(b)(5)(C)(i) and (ii); *accord Spagnol-Bastos v. Garland*, 19 F.4th 802, 806 (5th Cir. 2021).

Li's contention regarding inadequate statutory notice is unavailing. She concedes she received a valid 30 June 2022 notice to appear (NTA) prior to the date of her scheduled 5 October 2022 hearing; but she contends the notice was nonetheless deficient insofar as she did not receive the follow-up 13 September 2022 hearing notice because she changed residences after receiving the NTA but before her hearing. She, however, was not entitled to

a notice of hearing because her NTA contained all the information required by 8 U.S.C. § 1229(a)(1), and the hearing was held on the date, time, and place set forth in the NTA. *See* 8 U.S.C. § 1229(a)(1), (2)(A).

Although Li claims she provided her new address to Immigration and Customs Enforcement (ICE) prior to the docketing of her NTA, thereby satisfying her statutory obligation to provide notice of change of address, her case is distinguishable from those in which this issue was dispositive. *E.g.*, *Fuentes-Pena v. Barr*, 917 F.3d 827, 830–31 (5th Cir. 2019) (Where petitioner notified ICE of her change of address before the NTA was filed with the immigration court, satisfying her statutory obligation to provide notice of her change of address, and where the original NTA *omitted the hearing date and time*, the Government did not provide statutorily adequate notice by sending the hearing notice to her old address.). Accordingly, the BIA did not abuse its discretion in determining Li received actual notice of the hearing.

Turning to Li's exceptional-circumstances contention, the IJ reasonably determined that her failure to appear at her removal hearing was not due to exceptional circumstances that were beyond her control. *See* 8 U.S.C. § 1229a(e)(1); *Magdaleno de Morales v. INS*, 116 F.3d 145, 148 (5th Cir. 1997) ("exceptional circumstances" can include "serious illness of the alien or death of an immediate relative . . ., but [do] not includ[e] less compelling circumstances"). Moreover, even if, as claimed, the clerk of the immigration court orally advised Li's counsel that she did not need to appear at the hearing stated on her NTA, the Supreme Court has rejected the contention that the Government can be estopped on the basis of "'oral advice' by a government agent". *United States v. Perez-Torres*, 15 F.3d 403, 407 n.5 (5th Cir. 1994) (citing *Heckler v. Cmty. Health Servs. of Crawford Cnty., Inc.*, 467 U.S. 51, 65 (1984)).

Our court has held that ineffective assistance of counsel can qualify as an exceptional circumstance supporting rescission of an *in absentia* removal order and reopening immigration proceedings. *E.g.*, *Galvez-Vergara v. Gonzales*, 484 F.3d 798, 801–02 (5th Cir. 2007). To make such a claim, however, petitioner must strictly comply with the requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988) (including, *inter alia*, stating whether a complaint had been filed with the appropriate disciplinary authority if counsel's handling of case involved violations of legal or ethical responsibilities). *See Galvez-Vergara*, 484 F.3d at 800 n.2.

Although Li contends she is not making an ineffective-assistance-of-counsel claim to demonstrate her "exceptional circumstances" (and she, therefore, does not have to comply with the *Lozada* requirements), her justifications for her failure to attend the hearing largely center on her claimed reliance on her attorney's advice. Accordingly, despite her assertions to the contrary, her claim is, in substance, an ineffective-assistance-of-counsel claim, requiring compliance with *Lozada*. In any event, and as Respondent correctly notes, this contention was not presented to the BIA and is therefore unexhausted. *E.g.*, *Carreon v. Garland*, 71 F.4th 247, 257 & n.11 (5th Cir. 2023). And because the claim is unexhausted, we decline to reach it. *See id.*

In sum, Li fails to show that the denial of her motion to reopen for the purpose of seeking rescission of her *in absentia* removal order was an abuse of discretion. *See Mauricio-Benitez*, 908 F.3d at 147.

DENIED.

4