# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 23, 2010

No. 10-60203
Summary Calendar

Lyle W. Cayce
Clerk

JOHN ALEXANDER RODRIGUEZ, also known as John Alexander Rodriguez-Burgos,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A094 917 563

Before DAVIS, SMITH and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

John Alexander Rodriguez, a native and citizen of Colombia, petitions for review of the decision of the Board of Immigration Appeals (BIA) denying his motion to reopen his removal proceedings. Rodriguez moves to supplement the record with updated documents. He also moves to consolidate this petition for review with a prior petition for review. These motions are denied.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60203

Rodriguez argues that the BIA should have reopened his removal proceedings based on information that, after Rodriguez was ordered removed, his parents' house in Colombia was firebombed by terrorists.  He also argues that he submitted evidence of changed country conditions that warranted the reopening of his proceedings.

A motion to reopen should be based on new facts and must establish a prima facie case of eligibility for the underlying relief sought in order to be granted.  *See* 8 C.F.R. § 1003.2(c); *INS v. Abudu*, 485 U.S. 94, 104 (1988).  "In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." *In re S-Y-G*, 24 I. & N. Dec. 247, 253 (BIA 2007).  The evidence submitted by Rodriguez did not show a change in conditions in Colombia since the time of his removal proceedings.  Rather, it showed that any individual in Colombia could be kidnapped at any time for purposes of extortion or for use in trades for political prisoners.  Nothing in the evidence submitted by Rodriguez established a prima facie eligibility for asylum or withholding of removal.  *See* § 1003.2(c); *Abudu*, 485 U.S. at 104.

The BIA's denial of Rodriguez's motion to reopen was rational and founded in the evidence submitted in support of that motion.  Accordingly, that denial was not an abuse of discretion.  *See Manzano-Garcia v. Gonzales*, 413 F.3d 462, 469 (5th Cir. 2005).  The BIA also held that, to the extent that Rodriguez's motion to reopen could be construed as a motion for reconsideration, the motion was untimely and lacked merit.  Rodriguez has clarified in this court that he was seeking only to reopen his removal proceedings and that he was not seeking reconsideration of the BIA's order of removal.

Rodriguez's petition for review is DENIED.

2