# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 17, 2013

No. 12-60792
Summary Calendar

Lyle W. Cayce
Clerk

CHANDRAKANTBHAI JANSARI,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A074 585 569

Before KING, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Chandrakantbhai Jansari, a native and citizen of India, petitions this court for review of an order by the Board of Immigration Appeals (BIA) affirming the immigration judge's denial of his February 2012 motion to reopen based on changed country circumstances—specifically, increased violence between Muslims and Hindus in India. He does not challenge the determination that his motion was untimely and numerically barred. He also seeks review of the BIA's refusal to sua sponte reopen deportation proceedings.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We have jurisdiction to review the denial of any untimely motion to reopen based on changed conditions in an alien's home country. *Panjwani v. Gonzales*, 401 F.3d 626, 632 (5th Cir. 2005). In reviewing the BIA's denial of a motion to reopen, we apply "a highly deferential abuse-of-discretion standard, regardless of the basis of the alien's request for relief." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). The BIA's factual findings are reviewed under the substantial-evidence test, and questions of law are reviewed de novo. *Id.*; *see also Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994) ("[W]e may not reverse the BIA's factual determinations unless we find not only that the evidence supports a contrary conclusion, but that the evidence *compels* it.").

Under 8 U.S.C. § 1229a and 8 C.F.R. § 1003.2, an alien may generally file one motion to reopen, which ordinarily must be submitted within 90 days of the final decision of the BIA. § 1229a(c)(7); § 1003.2(c)(2), (3). The filing period is not applicable if, *inter alia*, the motion to reopen is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous proceeding." § 1003.2(c)(3)(ii); *accord* § 1229a(c)(7)(C)(ii); *Panjwani*, 401 F.3d at 631. The alien must show prima facie eligibility for the relief that he seeks. *Ogbemudia v. INS*, 988 F.2d 595, 599-600 (5th Cir. 1993).

In determining whether there had been a material change in country conditions, the BIA compared "the evidence of country conditions submitted with the motion to those that existed at the time the deportation order was issued." This was the correct standard. *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007); *accord Rodriguez v. Holder*, 402 F. App'x 925, 925-26 (5th Cir. 2010) (per curiam). The BIA found that although Jansari had submitted evidence of interreligious violence in the years following his 1995 deportation hearing, he failed to meaningfully discuss country conditions in India at the time of his hearing and that the evidence of post-hearing interreligious violence did not

2

adequately demonstrate a change in country conditions in India warranting reopening.

We conclude that the evidence in this case does not *compel* a contrary conclusion. *See Chun*, 40 F.3d at 78. Moreover, the BIA's decision was "not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach." *Galvez-Vergara v. Gonzales*, 484 F.3d 798, 801 (5th Cir. 2007) (internal quotation marks omitted). Accordingly, we need not consider whether Jansari established prima facie eligibility for asylum, withholding of removal, or relief under the Convention Against Torture. *See INS v. Orlando Ventura*, 537 U.S. 12, 16-17 (2002).

To the extent that Jansari challenges the BIA's refusal to reopen the proceedings sua sponte, we lack jurisdiction to review his challenge. *Lopez-Dubon v. Holder*, 609 F.3d 642, 647 (5th Cir. 2010); *see also Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 248-50 (5th Cir. 2004) ("[A] reviewing court has no legal standard against which to judge an IJ's decision not to invoke its sua sponte authority.").

Accordingly, the petition is DISMISSED IN PART and DENIED IN PART.