# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 18, 2023

Lyle W. Cayce
Clerk

———————————

No. 22-60341
Summary Calendar

———————————

Wilson Filander Paz Palma,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A206 157 682

———————————————————

Before Barksdale, Higginson, and Ho, *Circuit Judges*.

Per Curiam:[*]

Wilson Filander Paz Palma, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' (BIA) dismissing his appeal from an order of the Immigration Judge (IJ) denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). He contends: the BIA incorrectly concluded he

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

waived any challenge to the IJ's denying asylum based on the firm resettlement rule; he established his eligibility for relief for asylum and withholding of removal; and his request for a continuance during proceedings before the IJ should have been granted. (He has abandoned any claims regarding CAT protection by failing to brief them. *E.g.*, *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (stating issues not briefed are abandoned).)

We review the BIA's decision and consider the IJ's decision only to the extent it influenced that of the BIA. *E.g.*, *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009). Legal conclusions are reviewed *de novo*; factual findings, for substantial evidence. *Id.* The substantial-evidence standard applies to factual determinations that an alien is ineligible for asylum, withholding of removal, and CAT protection. *E.g.*, *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

Regarding asylum, the BIA ruled: Palma failed to meaningfully contest the IJ's determination he was ineligible for asylum based on the firm resettlement rule, *see* 8 U.S.C. § 1158(b)(2)(A)(vi) (alien ineligible for asylum if "firmly resettled in another country prior to arriving in the United States"); and, therefore, he waived the issue. It alternatively denied asylum on the merits. We note our circuit's precedent regarding the exhaustion requirement in immigration proceedings may be affected by the Supreme Court's forthcoming decision in *Santos-Zacaria v. Garland*, 22 F.4th 570 (5th Cir.), *cert. granted*, 143 S. Ct. 82 (2022). Because, as discussed *infra*, Palma's asylum claim fails on the merits, we assume, without deciding, he exhausted this issue.

In alternatively denying asylum, and denying withholding of removal, the BIA determined Palma failed to demonstrate the requisite nexus between his alleged harm and the two protected grounds he claimed: his religion and membership in a particular social group consisting of "small businessmen in

No. 22-60341

Honduras victimized by gang violence and extortion". He had the burden of showing he suffered past-persecution or had "a well-founded fear of persecution on account of" a protected ground. *Milat v. Holder*, 755 F.3d 354, 360 (5th Cir. 2014) (citation omitted). In this context, "on account of" means the protected ground "was or will be at least one central reason" for the persecution. *Id.* (citation omitted).

His testimony indicated that the MS-13 gang did not threaten or beat him during the nearly two-year period while he paid the monthly fee they demanded. The gang took those actions only after he stopped paying the fee following an increase and refused their alternative demand to disassemble stolen cars for them. He also testified that the gang extorted money from almost everyone, not just businessmen and churches.

Based on that testimony, substantial evidence supports a finding that the gang was primarily motivated by monetary extortion or assistance with their criminal activity, and that Palma's religion and status as a small businessman at most were incidental or secondary reasons for the harm he experienced. While he contends he refused to disassemble the stolen cars because of his religious concerns, it is the motivation of the "*persecutor*, not the *persecuted*" that is the proper focus of this analysis. *Vazquez-Guerra v. Garland*, 7 F.4th 265, 269 (5th Cir. 2021) (emphasis in original).

Palma also did not demonstrate the requisite nexus as to a different incident he experienced involving the police, as he testified that the police were motivated by money and not his religion or the fact he owned a small business. Further, his reliance on expert reports about gang conduct in Honduras does not compel the determination that a protected ground was a central reason for the harm he experienced or might face in Honduras in the future. *See Shaikh*, 588 F.3d at 864 (nexus requirement fails where protected ground is "incidental, tangential, superficial, or subordinate to another

reason for harm" (citation omitted)); *Wang v. Holder*, 569 F.3d 531, 536–37 (5th Cir. 2009) (reversing under substantial-evidence standard requires evidence "so compelling that no reasonable factfinder could conclude against it").

The denial of his motion for a continuance is reviewed for abuse of discretion. *E.g.*, *Masih v. Mukasey*, 536 F.3d 370, 373 (5th Cir. 2008). The BIA's decision is not an abuse of discretion "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach". *Galvez-Vergara v. Gonzales*, 484 F.3d 798, 801 (5th Cir. 2007) (citation omitted).

In upholding the IJ's finding of lack of good cause, the BIA noted counsel's involvement and familiarity with the case prior to his entry of appearance. Palma fails to show an abuse of discretion in reaching that determination. *See Pan v. Garland*, No. 19-60606, 2022 WL 4007282, at *5 (5th Cir. 2 Sept. 2022) (unpublished) (holding no abuse of discretion where "a perceptible rational approach" supported denial of continuance (citation omitted)). Moreover, he has not shown that the BIA erred in alternatively concluding he failed to demonstrate prejudice from the denial of the continuance, as he does not identify any specific evidence he could have obtained if his case had been continued. *See Matter of Sibrun*, 18 I. & N. Dec. 354, 356–57 (BIA 1983) (petitioner must show actual prejudice from denial of continuance).

Finally, to the extent he claims the denial of a continuance violated his right to due process, that contention is unavailing. *See Santos-Alvarado v. Barr*, 967 F.3d 428, 439 (5th Cir. 2020) (initial showing of substantial prejudice required to prevail on due-process claim); *Ali v. Gonzales*, 440 F.3d

No. 22-60341

678, 681 (5th Cir. 2006) (denial of continuance does not violate due process where good cause not shown).

DENIED.